585 So.2d 765 (1991)
Randy Scott CORLEY
v.
STATE of Mississippi.
No. 90-KP-1055.
Supreme Court of Mississippi.
September 4, 1991.
*766 Randy Scott Corley, pro se.
Mike C. Moore, Atty. Gen., Charles W. Maris, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before DAN M. LEE, P.J., and ROBERTSON and BANKS, JJ.
ROBERTSON, Justice, for the Court:

I.
Problems of the plea process plague and perplex our courts. Today's case presents a particular point of which we have penned but little. Our rules provide that, before a guilty plea may be accepted, the Circuit Court must find a factual basis for it. Today's appeal requires that we peruse the form and substance of this factual basis component of the plea acceptance process.

II.
On December 2, 1987, someone shot and killed Robert Eugene Parkerson behind Prince's Drive-In on Highway 7, north of Greenwood, Mississippi. In due course, the grand jury of Leflore County, Mississippi, returned an indictment charging Randy Scott Corley and Roger T. White with the capital murder of Parkerson. Miss. Code Ann. § 97-3-19(2) (Supp. 1987). Following severance, the parties pursued multiple pre-trial processes, including a preliminary hearing, see Rule 1.07, Miss.Unif.Crim. R.Cir.Ct.Prac. (1979).
In due course the prosecution engaged in plea bargain negotiations with Corley and his attorney, and these negotiations bore fruit. On June 20, 1988, Corley appeared before the Circuit Court and offered a plea of guilty to the reduced charge of murder. Miss. Code Ann. § 97-3-19(1) (Supp. 1987). The Circuit Court accepted Corley's plea, entered judgment of conviction thereon, and sentenced Corley to life imprisonment.
On September 9, 1989, Corley returned to the Circuit Court with a plethora of pleadings all take and treat as a petition under our Uniform Collateral Post-Conviction Relief Act to vacate his guilty plea. Miss. Code Ann. § 99-39-5(1)(f) (Supp. 1990). On recommendation of Magistrate Betty W. Sanders, the Circuit Court denied Corley's application, and he now appeals to this Court.

III.
Corley presents but a single point meriting thought. He argues no factual basis undergirded his plea before the Circuit Court back in June of 1988. He points to Rule 3.03(2), Miss.Unif.Crim.R.Cir.Ct.Prac. (1979, as amended), which in relevant part provides:
Before the trial court may accept a plea of guilty, the court must determine ... that there is a factual basis for the plea.
We take this rule seriously. Brown v. State, 533 So.2d 1118, 1124 (Miss. 1988); Reynolds v. State, 521 So.2d 914, 917 (Miss. 1988).
Our focus is sharpened when we realize no law requires that the accused admit his guilt before the court may accept his plea. Reynolds reminds us

*767 Admission of guilt is not a constitutional requisite of an enforceable plea. Knowing and voluntary action by the accused is, and, as well, an independent evidentiary suggestion of guilt.
Reynolds v. State, 521 So.2d at 917. Reynolds rests on North Carolina v. Alford, 400 U.S. 25, 38-39, 91 S.Ct. 160, 167-68, 27 L.Ed.2d 162, 171-172 (1970), where the Court found no constitutional infirmity in a plea, coupled with supporting evidence from three witnesses, though the accused protested his innocence. See Henderson v. Morgan, 426 U.S. 637, 648-49 n. 1, 96 S.Ct. 2253, 2259 n. 1, 49 L.Ed.2d 108 (1976) (White, J., concurring).
Notwithstanding all of this, Corley seems of the view that only words spoken from his own mouth can form the requisite factual predicate. He claims that at the plea hearing he advised the Circuit Court, "I didn't do the shooting," and that this is enough to vitiate his plea. Corley is mistaken both in law and in fact.
What Rule 3.03(2) requires is that, before it may accept the plea, the circuit court have before it, inter alia, substantial evidence that the accused did commit the legally defined offense to which he is offering the plea. What facts must be shown are a function of the definition of the crime and its assorted elements. Here, for example, we consider Rule 3.03(2)'s mandate not only in the context of the statutory definition of murder found in Section 97-3-19(1)[1], but as well in light of Miss. Code Ann. § 97-1-3 (1972)[2] which provides that accessories before the fact shall be deemed and considered as principals and shall be indicted and punished as such. A factual showing does not fail merely because it does not flesh out the details which might be brought forth at trial. Rules of evidence may be relaxed at plea hearings. Fair inference favorable to guilt may facilitate the finding.
There are a number of forms in which this factual basis may be found. In Brown we held adequate testimony given at the plea hearing by a prosecution investigator. Brown, 533 So.2d at 1124. In Reynolds "the prosecutor offered a concise statement of facts to establish the crime, the investigation, and the apprehension of Reynolds." Reynolds, 521 So.2d at 917. We understand this practice is often followed in the United States District Courts. The court may receive live witnesses, as in Alford. The court may consider as well factual proceedings already before it. For example, in the case at bar there was a preliminary hearing where the prosecution offered substantial proof that Corley killed Parkerson. None of this is to say that the defendant's admission, standing alone, may not suffice, nor that we may not take the testimony of the accused in conjunction with all else in deciding that there is an adequate factual basis for the plea. In the end there must be enough that the court may say with confidence the prosecution could prove the accused guilty of the crime charged, "that the defendant's conduct was within the ambit of that defined as criminal." United States v. Broce, 488 U.S. 563, 570, 109 S.Ct. 757, 764, 102 L.Ed.2d 927, 936 (1989).
*768 On appellate or collateral review we look to the objective record. We limit our look to proof in the accused's presence. We ask not what facts the sentencing judge knew but what facts were available and in the record or otherwise before the court. Whether that record be adequate is a question for the Court, to which burdens of proof, production and persuasion, e.g., McClendon v. State, 539 So.2d 1375, 1377 (Miss. 1989), have little to say.
These thoughts before us, we consider what occurred at Corley's plea hearing. After considerable questioning of Corley, and in his presence together with counsel, the Court turned to the District Attorney:
BY THE COURT: I ask the State's Attorney to give a brief outline of what the State's case would show here.
BY MR. CARLTON: In capsule form, Your Honor, the State case would show that Corley, together with another man, White, by prearrangement met Robert Eugene Parkerson on the 2nd of December, 1987, behind Prince's Drive-In North of Greenwood on Highway 7, within the jurisdiction of this Court; that after a conversation between Corley and Parkerson, Corley shot Parkerson with a large calibre handgun, causing his death.
BY THE COURT: (Interrogating Defendant)
Q. Mr. Corley, does this substantially and in an abbreviated form describe the facts of the crime for which you enter this guilty plea?
A. Yes, sir. I didn't do the shooting, but I was there; but I didn't do the shooting.
It is certainly true that Corley said to the Court, "I didn't do the shooting." What is also true is that the District Attorney's summary of the prosecution's proof shows guilt and was made in Corley's presence. Corley admitted, "I was there." He denied that he did the shooting but nothing else. We consider it fairly inferrable that, even taking Corley's version of the facts, Roger T. White shot and killed Parkerson under circumstances where Corley was an accessory before the fact. Together with all else that was before the Court, there is certainly an adequate factual basis for Corley's plea. We held as much in Houston v. State, 461 So.2d 720, 723 (Miss. 1984).
CIRCUIT COURT'S DENIAL OF POST CONVICTION RELIEF AFFIRMED.
ROY NOBLE LEE, C.J., DAN M. LEE, P.J., and PRATHER, SULLIVAN, BANKS and McRAE, JJ., concur.
PITTMAN, J., not participating.
HAWKINS, P.J., concurs in result only.
NOTES
[1] Our statute law defines murder thusly:

§ 97-3-19. Homicide; murder defined; capital murder.
(1) The killing of a human being without the authority of law by any means or in any manner shall be murder in the following cases:
(a) When done with deliberate design to effect the death of the person killed, or of any human being;
(b) When done in the commission of an act eminently dangerous to others and evincing a depraved heart, regardless of human life, although without any premeditated design to effect the death of any particular individual;
(c) When done without any design to effect death by any person engaged in the commission of any felony other than rape, kidnapping, burglary, arson, robbery, sexual battery, unnatural intercourse with any child under the age of twelve (12), or nonconsensual unnatural intercourse with mankind, or felonious abuse and/or battery of a child in violation of subsection (2) of section 97-5-39, or in any attempt to commit such felonies.
[2] Our criminal code provides further:

§ 97-1-3. Accessories  before the fact.
Every person who shall be an accessory to any felony, before the fact, shall be deemed and considered a principal, and shall be indicted and punished as such; and this whether the principal have been previously convicted or not.