## IN THE SUPREME COURT OF MISSISSIPPI

### NO. 95-KA-00535-SCT

### CONSOLIDATED WITH

### 95-KA-00536-SCT

*TYPHRON ARMSTRONG*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 04/20/95 |
| TRIAL JUDGE: | HON. SHIRLEY C. BYERS |
| COURT FROM WHICH APPEALED: | SUNFLOWER COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | J. RABUN JONES |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: WAYNE SNUGGS |
| | SCOTT STUART |
| DISTRICT ATTORNEY: | FRANK CARLTON |
| NATURE OF THE CASE: | CRIMINAL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 9/18/97 |
| MOTION FOR REHEARING FILED: | 10/14/97 |
| MANDATE ISSUED: | 12/3/97 |

**BEFORE DAN LEE, C.J., PITTMAN AND ROBERTS, JJ.**

**PITTMAN, JUSTICE, FOR THE COURT:**

### STATEMENT OF THE CASE

On August 26, 1994, Typhron Armstrong was indicted for two counts of sale of cocaine and two counts of conspiring to sell cocaine by the grand jury of Sunflower County. He entered a plea of guilty to two counts of sale of cocaine on October 7, 1994. As a result of the guilty plea, the State dismissed both conspiracy charges as well as two additional sale of cocaine charges. The Honorable

Howard Q. Davis, Jr., Circuit Judge, sentenced Armstrong to serve 30 years in prison for each of the two counts of sale of cocaine and fined Armstrong $10,000 for each count. The Court ordered that the sentences run concurrently.

On November 23, 1994, Armstrong filed a motion pursuant to the Mississippi Uniform Post-Conviction Collateral Relief Act for an order authorizing withdrawal of a guilty plea. The Honorable Shirley C. Byers, Circuit Judge, denied the motion on April 20, 1995, without an evidentiary hearing.

On May 9, 1995, Armstrong filed a Notice of Appeal. The appeal contends that an evidentiary hearing should have been granted and, in the alternative, that the case should be remanded for sentencing. Armstrong filed two separate appeals based on the two charges encompassed by the guilty plea. Cause Numbers 95-KA-00535-SCT and 95-KA-00536-SCT, arising from cause numbers 94-0185 and 94-0186, respectively, have been consolidated on the Court's own motion as there is no significant difference in the two appeals.

## STATEMENT OF THE ISSUES

**I. DID THE TRIAL COURT ERR AS A MATTER OF LAW IN FAILING TO GRANT TYPHRON ARMSTRONG A HEARING ON HIS MOTION TO WITHDRAW HIS GUILTY PLEA?**

**A. Was there an inadequate factual basis to support the plea?**

**B. Did Typhron Armstrong receive ineffective assistance of counsel because his attorney did not advise him of the nature and elements of the charge?**

**II. DID THE TRIAL COURT ERR AT SENTENCING IN DETERMINING THAT THE DEFENDANT WAS A "MAJOR OFFENDER" BASED ON INFORMATION AS TO THE SOURCE OF THE DEFENDANT'S BOND MONEY AS WELL AS HEARSAY STATEMENTS?**

## STATEMENT OF THE FACTS

Armstrong was indicted along with a co-defendant, Kelly Hughes, for wilfully, knowingly and feloniously selling or transferring a quantity of cocaine to Ronald Walker, an undercover agent for the Central Delta Narcotics Task Force, for $250 in cash on March 15 and again on March 16, 1994. Both Armstrong and Hughes were also charged with two counts of conspiring to sell cocaine. The second indictment listed the agent as Ronald Walters. Armstrong employed Cleve McDowell of Drew, Mississippi, to represent him on both indictments.

A trial date was set for October 7, 1994. At that time, Armstrong signed a sworn petition to enter a guilty plea for the two charges of sale of cocaine. Before accepting the plea, the trial court judge asked Armstrong several questions to ensure that the plea was made knowingly and voluntarily. The State gave a brief summary of the charges against Armstrong that listed Agent Walker as the buyer of the cocaine on March 15, 1994. Through counsel, Armstrong agreed that the facts were correct. Armstrong asserted that Kelly Hughes made the actual delivery of the cocaine, and the State agreed. Armstrong stated that he understood the charges against him and entered into the plea agreement voluntarily. The trial court then discussed the possible sentencing, stating the maximum and minimum

sentences as well as the sentencing guidelines.

The trial court accepted the guilty plea of Armstrong as being knowingly and voluntarily made. Armstrong claims that, at the time the plea was entered, his attorney had not asked for the names of potential witnesses, discussed the connection between Armstrong and Hughes, or informed him of the proof required of the State to secure a conviction for sale of cocaine.

After accepting the guilty plea, the trial court heard statements from Armstrong's attorney, Chief Smith of the Drew, Mississippi, Police Department and the Assistant District Attorney. Chief Smith stated that Armstrong became involved with drugs in high school, that he had encouraged many other young people to use or sell drugs and that he had threatened two confidential informants. Assistant District Attorney Hallie Bridges pointed to the large quantity of cocaine involved in the transactions (two $250 buys rather than the usual $20 buy). She also questioned how Armstrong posted a $100,000 bond without gainful employment.

After reviewing the preceding statements, the trial court sentenced Armstrong to serve a term of 30 years in prison for each of the two counts of sale of cocaine. The judge ordered that the sentences run concurrently because of the guilty plea. The judge based the sentence on the large amount of drugs involved. The judge also considered the testimony of Chief Smith, concerning the effect on other young people, and the posting of such a large bond by someone who is unemployed. The judge also labeled Armstrong as a "major dealer." Following the sentencing, the State dropped the two charges of conspiracy to sell cocaine and the two additional sale of cocaine charges in response to the guilty plea.

Armstrong filed a Motion Pursuant to the Mississippi Uniform Post-Conviction Collateral Relief Act. In that motion, he asserted that he received ineffective assistance of counsel, that there was an inadequate factual basis to support the guilty plea and that the sentence was excessive and based on unverified and erroneous information. The circuit court denied Armstrong relief, and Armstrong appealed.

## ANALYSIS

### I. DID THE TRIAL COURT ERR AS A MATTER OF LAW IN FAILING TO GRANT TYPHRON ARMSTRONG A HEARING ON HIS MOTION TO WITHDRAW HIS GUILTY PLEA?

#### A. Was there an inadequate factual basis to support the plea?

Armstrong argues that there was not an adequate factual basis sufficient to enable the court to accept the plea of guilty. The State contends that there were sufficient facts presented to support the plea of guilty, that Armstrong understood the charges against him, and that the plea was entered into voluntarily.

Acceptance of a guilty plea by the trial court is a factual finding which the Supreme Court reviews using the clearly erroneous standard. *Schmitt v. State,* 560 So. 2d 148, 151 (Miss. 1990). At the same time, a motion for Post-Conviction Relief should be granted to review the decision of the trial court unless "it plainly appears from the face of the motion, any annexed exhibits and the prior

proceedings in the case that the movant is not entitled to any relief." Miss. Code Ann. § 99-39-11(2). The reviewing judge may grant an evidentiary hearing if it is deemed necessary. Miss. Code Ann. § 99-39-19. After reviewing the Petition to Enter a Plea of Guilty and the transcript concerning the plea and sentencing, the circuit court held that Armstrong was not entitled to any relief and no evidentiary hearing was necessary.

Armstrong argues that relief should be granted based on Rule 3.03(2) of the Mississippi Uniform Criminal Rules of Circuit Court Practice (1979, as amended), which provides:

> Before the trial court may accept a plea of guilty, the court must determine that the plea is voluntarily and intelligently made and that there is a factual basis for the plea. A plea of guilty is not voluntary if induced by fear, violence, deception or improper inducements. A showing that the plea of guilty was voluntary and intelligently made must appear in the record.

The Court takes this rule seriously. *Corley v. State,* 585 So. 2d 765, 766 (Miss. 1991); *Brown v. State,* 533 So. 2d 1118, 1124 (Miss. 1988); *Reynolds v. State,* 521 So. 2d 914, 917 (Miss. 1988).

In the *Corley* decision, the Court set out the principles for accepting a plea of guilty in accordance with Rule 3.03(2). First, no law requires the accused to admit his guilt before the court may accept his plea. *Corley,* 585 So. 2d at 766, *citing Reynolds,* 521 So. 2d at 917. Second, Rule 3.03(2) requires that:

> [B]efore it may accept the plea, the circuit court [must] have before it, inter alia, substantial evidence that the accused did commit the legally defined offense to which he is offering the plea. What facts must be shown are a function of the definition of the crime and its assorted elements . . . A factual showing does not fail merely because it does not flesh out the details which might be brought forth at trial. Rules of evidence may be relaxed at plea hearings. Fair inference favorable to guilt may facilitate the finding.

*Corley,* 585 So.2d at 767. Third, the factual basis may be presented in a variety of forms including prior factual proceedings, live witnesses or an admission by the defendant, standing alone. *Id.* at 767; *see Brown,* 533 So. 2d at 1124 (holding testimony given at plea hearing by a prosecution investigator to be considered adequate); *Reynolds,* 521 So. 2d at 917 (allowing prosecutor to establish factual basis with a concise statement of facts). Fourth, the key question is whether the court may say with confidence that the prosecution could prove the accused guilty of the crime charged. *Corley,* 585 So. 2d at 767. Finally, the Court limited the scope of appellate review to the facts available in the record or otherwise before the court when examining the factual basis for a guilty plea. *Id.* at 768.

On October 7, 1994, Armstrong signed a Petition to Enter a Guilty Plea for two charges of sale of cocaine. This petition included the minimum and maximum sentences available, as well as the sentencing guidelines adopted by the Court. In addition, Armstrong described the facts of the crime committed as "I was involved with drugs." When Armstrong entered his plea of guilty before the Circuit Court, the trial judge went into great detail to determine if Armstrong understood the ramifications of entering a guilty plea. The trial judge then asked for the facts of the case, and the following statements were made:

> BY THE COURT: All right, Madam District Attorney, would you give us the facts as you have

them in this case?

BY MRS. BRIDGES: In Cause No. 185, on March the 15th of 1994, this Defendant unlawfully, willfully and feloniously sold or transferred cocaine, a Schedule II Controlled Substance, to Ronald Walker for $250.00 in money. Ronald Walker was working in an undercover capacity with the Central Delta Narcotics Task Force.

BY THE COURT: (Interrogating Defendant)

Q. All right, Mr. Armstrong, you've heard the District Attorney give us the facts as she's got them in this case. Are these facts basically correct?

BY MR. McDOWELL: Your Honor, he's entering a plea based on advice of counsel. There are some variations that we would have some differences of facts and settings, but the facts as she enumerated I feel would be sufficient to get a conviction by the jury, so --

BY MRS. BRIDGES: Your Honor, he was working with Kelly Hughes in both of the cases.

BY THE COURT: All right.

BY MRS. BRIDGES: Kelly Hughes actually made the delivery of the cocaine himself.

BY MR. McDOWELL: Right.

BY THE COURT: (Interrogating Defendant)

Q. All right, Mr. Armstrong, these are the charges to which you are entering guilty pleas?

A. Yes, sir.

Q. And you're entering these pleas of your own free will, understanding what you're doing?

A. Yes, sir.

Armstrong now claims that the failure of the Assistant District Attorney to go into greater detail in her description of the crime, coupled with his own abstract statement in the Petition to Enter a Guilty Plea, "I was involved with drugs," prevents any possible finding that there was sufficient evidence to support the charges. Armstrong argues that, at best, the facts support an indictment as an accessory to the crime.

Armstrong's arguments have no merit. The facts presented by the State clearly meet the standard set forth in **Corley**, *supra*. In **Corley**, this Court upheld the guilty plea of Randy Corley, finding an adequate factual basis to support the guilty plea. *Id.* at 768. Corley was charged with murder, and he entered a plea of guilty. He denied being the shooter but admitted that he was at the scene of the crime. The Court found the facts presented by the prosecution to be adequate to support the plea. *Id.* The Court, taking the evidence in the light most favorable to Corley, inferred that at the very least Corley was an accessory before the fact based on his presence at the crime scene and his relationship with the actual shooter. *Id.*

The guilty plea proceedings in the **Corley** case and the case *sub judice* are virtually identical. In both

cases, the trial judge questioned the defendant thoroughly about his understanding of a guilty plea, the State gave a concise description of the facts, and the defendant knowingly entered a guilty plea and accepted the facts of the State with minor variations. Using the *Corley* decision for guidance, one could infer that Armstrong was guilty of sale of cocaine or at least an accessory before the fact, and therefore charged as a principal (*see* Miss. Code Ann. § 97-1-3), based on his admission that he was involved with drugs, his involvement with Kelly Hughes (who delivered the drugs on both occasions) and the presence of an undercover officer at the drug sales. To infer that the undercover officer would testify to Armstrong's detriment is not unreasonable. Furthermore, Armstrong's failure to describe the facts of his crime in detail in the Petition to Enter a Guilty Plea should not provide him with a means of invalidating the guilty plea after sentencing.

Armstrong argues that the facts of the present case are comparable to *Gaskin v. State,* 618 So. 2d 103 (Miss. 1993). In *Gaskin*, the Court held that the bare admission of guilt does not constitute substantial evidence that the defendant did in fact commit the crimes in question. *Id.* at 106. The Court looked to sworn statements from the indictment to find the substantial evidence necessary to uphold the plea. *Id. Gaskin* is distinguishable from the present case because there is more than a mere admission to support the guilty plea.

Armstrong does have a stronger argument with regard to the alleged drug sale on March 16, 1994. There was no description of the events of March 16 at the hearing. The State argues that the two charges were connected and involved the same facts, including the same undercover agent. We agree with the State. The two transactions were closely connected with no material difference in facts. Therefore, the brief summary of the drug transaction on March 15 is sufficient to support the guilty plea.

In conclusion, the holding of the lower court is affirmed. The facts presented by the State clearly meet the standard set forth in *Corley*. This case is distinguishable from *Gaskin* because the guilty plea is supported by more than a bare admission of guilt. It is also clear that Armstrong entered into the plea agreement willingly and knowingly. The failure of the State to flesh out the facts that might be presented at trial does not prohibit an adequate factual finding. *Reynolds,* 521 So. 2d at 917. At the very least, a finding that Armstrong was an accessory before the fact, and therefore charged as a principal, is reasonable. Although no facts were presented to support the charge for the cocaine sale on March 16, 1994, it is reasonable to accept the State's argument that the two sales were so closely intertwined as to be one transaction.

> **B. Did Typhron Armstrong receive ineffective assistance of counsel because his attorney did not advise him of the nature and elements of the charge?**

Armstrong claims that he received ineffective assistance of counsel in connection with his guilty plea. Armstrong asserts that his attorney failed to inquire about his connection with Kelly Hughes and did not advise him of the State's burden of proof to convict him of being an accessory to a sale of cocaine.

As a result, Armstrong states that "had I been so advised prior to my guilty plea, I would not have entered the guilty plea." He claims that the deficient performance of his trial counsel subjected him to unfair prejudice.

Ineffective assistance of counsel is reviewed under the standard enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984), and adopted by this Court in *Gilliard v. State*, 462 So. 2d 710, 714 (Miss. 1985), which states:

> (a) The petitioner must show that counsel's conduct was so deficient that he was not functioning as counsel guaranteed by the Sixth Amendment, and

> (b) If the petitioner can show that his counsel was ineffective, then he must show that he was prejudiced by counsel's mistakes.

Armstrong's argument is based on the contention that he was charged as an accessory. Since he was not informed of the elements of the charge of accessory to the sale of cocaine by his attorney, his plea was uniformed and therefore involuntary.

Armstrong's argument does not meet the second requirement of the *Strickland* test, assuming that it even meets the first requirement. First, Armstrong was never charged as an accessory. He was charged with sale of cocaine. Second, he entered a plea of guilty to sale of cocaine. The trial court thoroughly questioned Armstrong about his understanding of the plea, and he entered into the plea voluntarily.

Assuming that Armstrong's attorney did not inform him of the elements of the charge and was ineffective, there is no showing of prejudice. Certainly Armstrong does not meet the burden of proving both prongs of the *Strickland* test, as required by *McQuarter v. State*, 574 So. 2d 685, 687 (Miss. 1990). Armstrong has merely stated that, had he known the elements, he would not have entered the guilty plea. He has not shown any prejudice resulting from his lack of knowledge of the elements of the charge.

Therefore, the decision of the trial court is affirmed as to this issue. Armstrong clearly does not meet the burden of proof required to overcome the presumption that his counsel was reasonably professional. *Waldrop v. State*, 506 So. 2d 273, 275 (Miss. 1987). Nor does he show any prejudice arising from the alleged deficiency of counsel. Merely citing certain actions and inactions, without explaining or justifying the contention that counsel's representation was deficient and prejudicial, does not meet the *Strickland* test. *Earley v. State*, 595 So. 2d 430, 433 (Miss. 1992).

### II. DID THE TRIAL COURT ERR AT SENTENCING IN DETERMINING THAT THE DEFENDANT WAS A "MAJOR OFFENDER" BASED ON INFORMATION AS TO THE SOURCE OF THE DEFENDANT'S BOND MONEY AS WELL AS HEARSAY STATEMENTS?

The circuit court judge sentenced Armstrong to serve 30 years for each count of the indictment. He ordered that the sentences run concurrently. The Assistant District Attorney then moved for the two conspiracy charges, as well as two additional sale of cocaine charges, to be dropped. In his opinion, the trial judge labeled Armstrong as a "major offender."

Armstrong asserts that the trial court erred in finding him a "major offender." He claims that the finding was based on hearsay statements by Chief Smith and his ability to make bond without gainful employment. Chief Smith testified that Armstrong had encouraged many area youngsters to use

drugs. There was also evidence that Armstrong's parents posted the bond money.

Despite the preceding facts, Armstrong's argument is without merit. The statute prescribes a maximum sentence of 30 years for sale of cocaine. Miss. Code Ann. § 41-29-139(b)(1) (1972, as amended). The sentence imposed by the trial court is within the statutory limits for sale of cocaine, and this Court will not review the sentence if it is within the limits prescribed by statute. ***Reynolds v. State***, 585 So. 2d 753, 756 (Miss. 1991).

Armstrong claims that he was prejudiced by the hearsay testimony of Chief Smith. As suggested by the state, a trial court is not limited to the consideration of evidence presented of record at trial when imposing sentence. ***Jackson v. State***, 551 So. 2d 132, 149 (Miss. 1989). Rule 1101(b)(3) of the Mississippi Rules of Evidence clearly states that the Rules of Evidence do not apply to sentencing hearings.

More importantly, Armstrong was charged with six separate charges. Two of the charges were for conspiracy to sell cocaine, but four of the charges were actual sales. Two of these sales were for $250 dollars worth of cocaine. These are large sales supporting the finding that Armstrong was a "major offender." Disregarding the testimony of Chief Smith and the question of the source of the bond money, the sentence imposed by the trial judge is well supported by the remainder of the evidence.

Therefore, the decision of the trial court be affirmed as to this issue. The sentence imposed is well within the statutory limits, and there is no cause to reverse the decision of the trial court.

## CONCLUSION

All of the arguments asserted by Armstrong are without merit. Armstrong entered a plea of guilty knowingly and voluntarily. There is an adequate factual basis to support the plea. There was no showing of prejudice as the result of deficient counsel. The sentence was fair under the circumstances and within statutory limits.

There is no need to reverse the decision of the trial court or remand for an evidentiary hearing. The holding of the trial court is affirmed as to all issues.

**LOWER COURT'S DENIAL OF POST-CONVICTION RELIEF AFFIRMED.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., BANKS, ROBERTS, SMITH AND MILLS, JJ., CONCUR. McRAE, J., CONCURS IN RESULT ONLY.**