# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 96-CA-00474-SCT

*CHRISTOPHER CHARLES HAWKINS*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 04/01/96 |
| TRIAL JUDGE: | HON. WILLIAM COLEMAN |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | CYNTHIA ANN STEWART |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: GLENN WATTS |
| DISTRICT ATTORNEY: | ED PETERS |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 10/9/97 |
| MOTION FOR REHEARING FILED: | 10/27/97 |
| MANDATE ISSUED: | 12/3/97 |

**BEFORE SULLIVAN, P.J., ROBERTS AND SMITH, JJ.**

**SMITH, JUSTICE, FOR THE COURT:**

On June 6, 1995, Charles Hawkins pled guilty to possession of more than one kilogram of a controlled substance with intent to distribute. In return for Hawkins' guilty plea, the State agreed not to prosecute Hawkins on a separate conspiracy charge. The State made no recommendation for sentencing. Following a sentencing hearing and the consideration of a pre-sentence report, the trial court sentenced Hawkins to twenty years in the custody of the Mississippi Department of Corrections and ordered him to pay a fifty thousand dollar fine.

Hawkins later filed a Motion to Withdraw a Previously Entered Guilty Plea and Set Aside Sentencing alleging that his guilty plea was involuntary and that he received ineffective assistance of counsel. Specifically, Hawkins argued that he believed that he was pleading guilty to a charge of simple possession, not possession with intent to distribute. The trial court denied the motion and Hawkins now appeals to this Court.

STATEMENT OF FACTS

On June 6, 1995, Charles Hawkins pled guilty to possession of a controlled substance with intent to distribute. In return, the State agreed not to prosecute Hawkins on a separate charge of conspiracy, but made no recommendation as to sentencing on the possession charge. During the guilty plea hearing, but prior to Hawkins' plea, the trial court noted that the petition to plead guilty stated the charge as being "possession of marijuana with intent." The trial court inquired as to whether the charge was to be reduced and Hawkins' counsel responded negatively. The court then required counsel to correct the petition and "go over it with Mr. Hawkins." Counsel responded that she had done so previously.

Following a pause in the proceedings, the trial court conducted the guilty plea hearing. Hawkins indicated that he understood the charge, had discussed the charge with his attorney, and understood the maximum penalty. Hawkins further indicated that he was aware of the rights he waived by pleading guilty and had not been coerced or threatened. Sentencing was delayed in order that a pre-sentence report could be prepared.

On July 24, 1995, a sentencing hearing was held before the Honorable William Coleman. Hawkins presented several character witnesses. After consideration of this testimony and the pre-sentence report, the trial court sentenced Hawkins to twenty years in the custody of the Mississippi Department of Corrections and ordered Hawkins to pay a fifty thousand dollar fine.

Hawkins thereafter sought post-conviction relief.[1] Hawkins argued that his guilty plea was involuntary because he believed that he was only pleading guilty to a charge of simple possession. Hawkins also argued that he received ineffective assistance of counsel. After consideration on the merits, the trial court denied the petition.

Aggrieved by his guilty plea and the sentence imposed by the trial court, Hawkins appeals to this Court raising the following issues:

### I. WHETHER HAWKINS' GUILTY PLEA WAS INVOLUNTARY.

### II. WHETHER HAWKINS RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL

## DISCUSSION OF LAW

### I. WHETHER HAWKINS' GUILTY PLEA WAS INVOLUNTARY.

> In order to meet constitutional standards, a guilty plea must be freely and voluntarily entered. It is essential that an accused have knowledge of the critical elements of the charge against him, that he fully understands the charge, how it involves him, the effects of a guilty plea to the charge and what might happen to him in the sentencing phase as a result of having entered the plea of guilty. *Henderson v. Morgan*, 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976).

*Smith v. State*, 636 So.2d 1220, 1225 (Miss.1994)(quoting Schmitt v. State, 560 So. 2d 148, 153 (Miss. 1990).

Hawkins now argues that his guilty plea was involuntary because the trial court failed to make an

adequate record to determine whether Hawkins understood the nature of the charges against him. Hawkins also argues that the record does not contain a sufficient factual basis to support his guilty plea to the charge of possession with intent to distribute. Hawkins therefore argues that he did not receive notice of the true nature of the charges against him nor was there a factual basis for his plea to possession with the intent to distribute.

It is well-settled law that a defendant must be informed of the nature of the charges to which he will enter guilty plea. "Before a person may plead guilty to a felony he must be informed of his rights, the nature and consequences of the act he contemplates, and any other relevant facts and circumstances, and, thereafter, voluntarily enter the plea." *Vittitoe v. State*, 556 So.2d 1062, 1063 (Miss.1990) (*citing* **Boykin v. Alabama**, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)).

Hawkins argues that the record reflects a discrepancy between the petition to plead guilty and the indictment. Hawkins was indicted for possession of more than one kilogram of marijuana with the *intent to distribute*. Hawkins, however, argues that the petition to plead guilty shows that he agreed only to plead guilty to a simple possession charge.

A review of the petition to plead guilty contained in this record reveals that Hawkins indicated that he would plead guilty to the charge of "possession of marijuana with intent more than 1 kilogram." The petition also sets forth the elements of the charge as follows: possession of controlled substances in sufficient quantity to distribute (marijuana) more than one kilogram. The petition sets forth 20 years as the maximum sentence with no minimum sentence. Hawkins thereafter set forth the factual basis for the charge as follows: In connection with a co-defendant I had approximately 85 pounds of marijuana.

During the guilty plea hearing, the trial court noted the discrepancy between the petition and the indictment. Specifically, the trial judge stated:

> THE COURT: Ms. Robinson, the District Attorney is tied up in another case at the present time, and I'd like to go ahead and proceed. And I notice the charge of possession of cocaine -- excuse me, possession of marijuana in an amount of more than one kilogram with intent to distribute. Your petition shows possession of marijuana with intent. Was it to be reduced to the lesser charge?
>
> MS. ROBINSON: No, sir.
>
> THE COURT: Was it more than one kilogram?
>
> MS. ROBINSON: Yes, sir.
>
> THE COURT: I need you to correct the petition and go over it with Mr. Hawkins.
>
> MS. ROBINSON: We did.
>
> THE COURT: I know. Just correct it and make sure he understands.

(PAUSE IN PROCEEDINGS)

The trial court again noted the discrepancy between the petition and the indictment

stating as follows:

> Q. The maximum sentence is 30 years and a million dollar fine. Do you understand? That's not the correct information put out in the - - set out in the petition to plead guilty. Do you understand?
>
> A. Yes, sir.

Miss. Code Ann. § 41-29-139 (b)(1)(1993) clearly provides that the penalty for possession of more than one kilogram of a controlled substance with intent to distribute is imprisonment for "not more than thirty (30) years and a fine of not less than one thousand dollars ($1,000) nor more than one million dollars ($1,000,000) or both." Uniform Circuit and County Court Rule 8.04(A)(4)(b) requires the trial court to inquire and determine "[t]hat the accused understands the nature and consequences of the plea, and the maximum and minimum penalties provided by law."

Although the petition to plead guilty is somewhat unclear, the transcript of the guilty plea is not. Hawkins was repeatedly advised that he was pleading guilty to possession of a controlled substance in an amount exceeding one kilogram with intent to distribute. For example, prior to Hawkins' guilty plea, the trial court questioned Hawkins' attorney as to whether Hawkins was pleading guilty to the charge of possession with the intent to distribute or whether the charge was to be reduced. The trial court then instructed defense counsel to review this with Hawkins. The trial court inquired:

> Q. You understand that you're here on a charge that charges you with possession of marijuana in an amount of more than a kilogram with the intent to distribute to others. Do you understand what you're charged with?
>
> A. Yes, sir.

The trial court also informed Hawkins of the elements of the crime:

> Under this indictment they would have to prove that on February the 17th of last year that you had a substance in your possession, that that substance was in fact marijuana, that it weighed more than one kilogram, that you had no lawful right to have it in your possession, that you willfully and knowingly had it in your possession, and that you intended to distribute it to other people. Do you understand?
>
> A. Yes, sir.

The record also reveals that Hawkins was clearly advised of the maximum sentence and fine; thirty years and one million dollars. However, it is unclear whether Hawkins was advised by his attorney or the trial court of the minimum monetary fine he would receive, i.e. $ 1,000. Rather, the trial court stated:

> Q. There is no minimum sentence required. Do you understand?
>
> A. Yes, sir.

In *Alexander v. State*, 605 So.2d 1170, 1172 (Miss.1992), this Court held that an evidentiary hearing

was warranted where the defendant was not informed by his counsel as to the minimum sentence he could receive. *See also* **Washington v. State,** 620 So.2d 966 (Miss.1993); **Vittitoe v. State**, 556 So.2d 1062 (Miss.1990).

However, as noted by this Court in **Simpson v. State**, 678 So.2d 712, 715 (Miss.1996):

> Even if the statute carried a minimum sentence about which Simpson was entitled to be advised, there would still be problems for him to overcome. Automatic invalidation of a guilty plea is not the rule in Mississippi. **Smith v. State**, 636 So.2d 1220, 1226 (Miss.1994)(plurality opinion), *citing* **Gaskin v. State**, 618 So.2d 103, 108 (Miss.1993); **Sykes v. State**, 624 So.2d 500 (Miss.1993). The **Sykes** Court applied the harmless error analysis by holding that where it can be said "beyond a reasonable doubt that the failure to advise an accused of a minimum played no role in the decision of the accused to plead, such failure is not fatal to the sentence." **Sykes** at 503. *See also* **Smith**, 636 So.2d at 1226.

Thus, if the "reliance and expectation elements" are missing from the defendant's decision to plead guilty, the failure to inform the accused of a minimum sentence may be characterized as harmless error. **Ashby v. State**, No. 95-KP-00592, slip op. at 4 (Miss. June 5, 1997). *See also* **Gibson v. State**, 641 So.2d 1163, 1166 (Miss.1994)(Failure to inform a defendant of a minimum sentence will not result in vacating the sentence where it appears beyond a reasonable doubt that the plea would have been entered even if the minimum sentence were known.).

Moreover, this issue is similar to that presented in **Sykes v. State**, 624 So.2d 500 (Miss.1993). In **Sykes**, the defendant pled guilty to possession of methamphetamines with intent to distribute in violation of Miss. Code Ann. § 41-29-139(b)(1). However, prior to pleading guilty, Sykes, like Hawkins, was not advised of the minimum statutory fine of $ 1,000.

In **Sykes**, this Court held that the failure to inform Sykes of the minimum fine was harmless error. This Court noted that although Sykes could have received this fine, it was not imposed by the trial court and therefore "played no role in the decision of the accused to plead." **Sykes,** 624 So.2d at 503. Unlike **Sykes**, Hawkins was ordered to pay a fine of fifty thousand dollars. However, a review of the record below reveals that the failure to inform Hawkins of this fine was harmless error.

In **Smith v. State**, 636 So.2d 1220, 1226 (Miss.1994), this Court held that the failure to inform the defendant of the minimum sentence was harmless where the failure "did not affect his decision, considering the fact that he had already admitted guilt and was willing to plead guilty in exchange for a sentence of eight years to be recommended to the court by the State." There, the Court noted that "[m]ore importantly, however, he was not harmed because there can be no claim that the misinformation induced the plea." **Id.** (*quoting* **Nelson v. State**, 626 So.2d 121, 126 (Miss.1993)).

Hawkins readily admitted his guilt and indicated his willingness to plead guilty. Hawkins clearly stated that he understood the charge and the maximum penalties. Hawkins agreed to plead guilty in exchange for the State's agreement not to prosecute him on a separate charge of conspiracy. Moreover, Hawkins indicated that the penalties that he was advised of by the trial court did not affect his decision to plead guilty. Surely, if the possibility of a $ 1,000,000 fine did not affect Mr. Hawkins' decision, the potential of incurring a fine of $ 1,000 would not have done so. In light of **Smith** and **Sykes**, the failure of the trial court to inform Hawkins of the minimum statutory fine of $ 1,000 is

harmless error.

Hawkins also challenges the sufficiency of the underlying factual basis which supports his guilty plea. This Court has held that "some factual basis for the defendant's guilt is an essential part of the constitutionally valid and enforceable decision to plead guilty." ***Reynolds v. State***, 521 So.2d 914, 916 (Miss.1988)(citing Oaks v. Wainright, 445 F.2d. 1062 (5th Cir. 1974). Uniform Circuit and County Court Rule 8.04 provides that a trial court may not accept a guilty plea unless the "plea is voluntarily and intelligently made *and that there is a factual basis for the plea*." (emphasis added).

To determine whether a factual basis for a guilty plea exists this Court "look[s] to the objective record." ***Corley v. State***, 585 So.2d 765, 768 (Miss.1991). Moreover, "[w]e limit our look to proof in the accused's presence. We ask not what facts the sentencing judge knew but what facts were available and in the record or otherwise before the court." ***Id.***

In the petition to plead guilty, Hawkins set forth the following facts: "I connection with a co-defendant I had approximately 85 pounds of marijuana." During the guilty plea hearing, Hawkins stated:

> Q. Are you guilty of this charge?
>
> A. Yes, sir.
>
> Q. Just tell me in your own words what happened?
>
> R. On the morning of -- I forget what morning it was, sir. Me and another guy had a phone discussion, and at this time we was supposed to get together to conversate (sic), but at the time I picked him up he was in possession of the marijuana and put it in the vehicle with him and I. And that's when the officers arrested us.

Hawkins admitted that the marijuana was in his vehicle. However, he claimed that he had picked up a passenger and did not realize that they had the marijuana. Hawkins stated that he did not know that the other person had marijuana until they got into the car. Hawkins further stated that he did not know the amount of marijuana that was in his vehicle.

Following Hawkins' admissions, the trial court found that "[t]here is a basis in fact for proof of all the elements of the charge." Hawkins, however, now argues that the trial court erred in doing so. Hawkins argues that the factual basis is insufficient to support possession with intent to distribute, but rather only supports a charge of possession.

Prior to the sentencing phase of the proceedings, the trial court noted that he had "reviewed the pre-sentence report and that the defendant's version is a denial of guilt." The trial judge then inquired whether Hawkins was pleading guilty or not guilty. Hawkins answered that he was pleading guilty and that he was in fact guilty.

The record clearly supports Hawkins' guilty plea. Hawkins admitted to being in possession of eighty-five pounds of marijuana found in his vehicle. Moreover, it is simply illogical to infer that this amount was for Hawkins' personal use. During the sentencing phase, Hawkins admitted that he had been in the business of selling marijuana. Hawkins also repeatedly indicated that he was pleading guilty to

possession with intent to distribute and was in fact guilty.

Faced with this record and the surrounding circumstances, this Court cannot conclude that the trial court erred in finding that a sufficient factual basis for the crime existed. This issue is without merit.

## II. WHETHER HAWKINS RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.

When reviewing claims of ineffective assistance of counsel, this Court utilizes the standard set forth in *Strickland v. Washington,* 466 U.S. 668 (1984). In *Schmitt v. State*, 560 So. 2d 148, 154 (Miss.1990), this Court stated: "Before counsel can be deemed to have been ineffective, it must be shown (1) that counsel's performance was deficient, and (2) that the defendant was prejudiced by counsel's mistakes." One who claims that counsel was ineffective must overcome the presumption that "counsel's performance falls within the range of reasonable professional assistance." *Id.* In order to overcome this presumption, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (quoting *Strickland*, 466 U.S. at 694.)

Hawkins now argues that his attorney failed to adequately advise him. Specifically, Hawkins argues that the record fails to establish that his attorney explained the charges against him or the discrepancy between the indictment and his petition to plead guilty.

Hawkins correctly argues that the record is unclear as to whether defense counsel actually explained the problems raised by the trial court because there was a pause in the proceedings in order to allow defense counsel to do so. As a result, this discussion was off the record.

Despite the absence of the actual discussion between Hawkins and defense counsel, and the incorrect information in the petition to plead guilty, the record clearly demonstrates that the trial court advised Hawkins of his constitutional rights, the charge against him, the elements of that charge, the maximum penalties provided by law, and the consequences of pleading guilty. Moreover, Hawkins stated that he understood the charge against him: possession of marijuana in an amount of more than one kilogram with the intent to distribute. Hawkins also stated that his attorney had not made any statements contrary to what the trial judge advised him of and indicated that he was in fact guilty of the crime as alleged in the indictment.

Although there is some question as to the discussion between defense counsel and Hawkins, the record reveals that the trial judge clearly advised Hawkins of the nature of the charges against him, the maximum penalties, and the consequences of pleading guilty. Even assuming that defense counsel failed to adequately advise Hawkins, the trial court amply did so.

Moreover, Hawkins does not allege, nor does the record indicate that Hawkins would have changed his plea had defense counsel, rather than the trial court, advised him that the information set forth in the petition to plead guilty was incorrect. For example, when the trial court inquired of Hawkins whether the maximum penalties affected his decision to plead guilty, he responded negatively. Therefore, Hawkins cannot demonstrate, nor does he argue, that the outcome of the proceedings would have been different but for counsel's errors.

In *Ashby v. State*, 95-KP-00592, slip op. at 6 (Miss. June 5, 1997), this Court noted that the standard

in determining ineffective assistance claims is well-settled law. "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* (*quoting* ***Gilliard v. State***, 462 So. 2d 710, 714 (Miss.1985)(*quoting* ***Strickland v. Washington***, 466 U.S. 668 (1984)). As such, Hawkins fails to satisfy the two-pronged inquiry set forth in ***Strickland***. This issue is without merit.

## CONCLUSION

Despite the infirmities in the petition to plead guilty, Hawkins was advised of the nature of the charges against him, the maximum penalties for that charge, his constitutional rights, and the consequences of pleading guilty. *See* ***Vittitoe v. State***, 556 So. 2d 1062, 1063 (Miss.1990); ***Boykin v. Alabama***, 395 U.S. 238 (1969). Moreover, Hawkins fails to establish that he received ineffective assistance of counsel. *See* ***Strickland v. Washington***, 466 U.S. 668 (1984). Therefore the denial of Hawkins' motion for post-conviction relief is affirmed.

**DENIAL OF POST-CONVICTION RELIEF AFFIRMED.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., PITTMAN, BANKS, McRAE, ROBERTS AND MILLS, JJ., CONCUR.**

1. Hawkins petition was initially denied due to the failure to satisfy pleading requirements set forth in Miss. Code Ann. § 99-39-9 (1994).