989 So.2d 882 (2007)
Roderick J. BROWN, Appellant
v.
STATE of Mississippi, Appellee.
No. 2005-CP-01979-COA.
Court of Appeals of Mississippi.
August 7, 2007.
Rehearing Denied April 29, 2008.
Certiorari Denied August 7, 2008.
*883 Roderick J. Brown, appellant, pro se.
Office of the Attorney General by W. Daniel Hinchcliff, attorney for appellee.
Before KING, C.J., GRIFFIS and BARNES, JJ.
GRIFFIS, J., for the Court.
¶ 1. On April 16, 2004, Roderick Brown filed his motion to vacate and set aside his conviction and sentence. The motion was for post-conviction relief. The trial court denied the motion without an evidentiary hearing. Brown appeals and alleges that: (1) there was no factual basis for his plea; (2) his plea was not intelligently and knowingly entered; (3) he was not afforded effective assistance of counsel; and (4) his sentence was excessive and disproportionate to the crime committed. We find no error and affirm.

FACTS
¶ 2. On March 21, 2001, Brown was indicted for the aggravated assault of Ricky Hersey and the armed robbery of Jeffery Toles. The State and Brown entered into an agreement that if Brown pled guilty the State would not prosecute an indicted charge of armed robbery and an unindicted charge of intimidating a witness. Also, the State would recommend a twenty-year suspended sentence for the aggravated assault charge.
¶ 3. The trial court, after thorough questioning, accepted Brown's guilty plea. The court then sentenced Brown to the recommended sentence of twenty years, which was suspended pending a successful five-year supervised probation.
¶ 4. While on probation, Brown committed several violations. He failed four drug tests, three times for marijuana and once for cocaine. He was also arrested for possession of marijuana. After a revocation hearing, where the court heard evidence of the several various probation violations, the trial court revoked the remaining probation and imposed the suspended twenty-year sentence from the aggravated assault conviction.
¶ 5. On April 14, 2004, Brown filed a motion invoking post-conviction relief. The trial court denied the motion without a hearing, deeming it frivolous. The trial court also ordered that sixty days of Brown's earned time be forfeited.

*884 STANDARD OF REVIEW
¶ 6. A trial court's denial of post-conviction relief will not be reversed absent a finding that the trial court's decision was clearly erroneous. Smith v. State, 806 So.2d 1148, 1150(¶ 3) (Miss.Ct.App.2002). However, when reviewing issues of law, this Court's proper standard of review is de novo. Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999).

ANALYSIS
¶ 7. Brown alleges that the trial court should have granted his motion for post-conviction relief for several reasons.

I. There was no factual basis for Brown's guilty plea
¶ 8. Brown argues that the trial court should not have accepted his guilty plea, because there was no underlying factual basis to support the plea, specifically the crime of aggravated assault.
¶ 9. Rule 8.04(A)(3) of the Uniform Rules of Circuit and County Court requires a trial court to determine that there is a factual basis for the plea. There must be "a sufficient evidentiary foundation to allow the trial court to determine that the defendant's conduct violated the relevant statute." Gaines v. State, 736 So.2d 433, 435(¶ 11) (Miss.Ct.App.1999) (citing Lott v. State, 597 So.2d 627, 628 (Miss.1992)). The factual basis may be presented in several different ways. They include: testimony by an investigator for the prosecution, a brief recitation of facts that state the crime committed, or even live testimony from the defendant or witnesses. Corley v. State, 585 So.2d 765, 767 (Miss.1991). This does not mean that the defendant's admission alone will not suffice, nor that the admission may not be taken into account. Id. "In the end there must be enough that the court may say with confidence the prosecution could prove the accused guilty of the crime charged, `that the defendant's conduct was within the ambit of that defined as criminal.'" Id. (quoting United States v. Broce, 488 U.S. 563, 570, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989)). On appeal, there exists a presumption that the trial court's acceptance is correct, and Brown has the burden to establish reversible error to this Court. Branch v. State, 347 So.2d 957, 958 (Miss.1977).
¶ 10. The factual basis to support Brown's plea was derived from a brief statement by the State and Brown's statements made in response to the trial court's questions. The prosecutor stated that Brown, along with four others, went to purchase drugs from the residence where the shooting took place and then left. They later returned to the residence with plans to commit a robbery. During the robbery, Jeffery Toles was robbed at gunpoint of a necklace and some cash, while Ricky Hersey was shot. The prosecutor stated that one of the individuals involved in the robbery committed the shooting, although she was unsure of who actually fired the shot that struck Hersey. In addition, the prosecutor stated that the State had received information that Brown confessed to shooting an individual.
¶ 11. After the State presented its facts, the trial court questioned Brown about his role in the planned robbery. Brown stated that he was involved in the robbery when Hersey was shot, but initially stated that Jarvis Warren was the one that pulled the trigger and shot Hersey. Later in the questioning, Brown stated that he was the one who actually shot Hersey. The trial court finished its questioning of Brown with the following statement, "Okay. Roderick, is what I'm understanding you to say is this was a robbery and during the robbery things went bad and you ended up shooting Ricky. Is that *885 what happened?" To which Brown responded, "Yes, sir."
¶ 12. We now consider these facts in the light of the statutory definition of aggravated assault as codified in Mississippi Code Annotated Section 97-3-7(2)(b) (Rev. 2006) and in light of Mississippi Code Annotated Section 97-1-3 (Rev.2006) which provides that accessories before the fact shall be deemed and considered as principals and shall be indicted and punished as such. Indeed, Brown's statement of the events would provide enough of a factual basis for a plea to the crime of aggravated assault under an accessory before the fact theory. Brown stated that he was there when the robbery was planned and went with them to the residence where the shooting occurred. Later, Brown admitted that he shot Hersey. Even ignoring Brown's statement that he shot Hersey, he was an accessory before the fact and would still be guilty as a principal if Warren had shot Hersey. Clearly, there was a sufficient factual basis for the trial court to have said "with confidence the prosecution could prove the accused guilty of the crime charged, `that the defendant's conduct was within the ambit of that defined as criminal.'" Corley, 585 So.2d at 767 (quoting Broce, 488 U.S. at 570, 109 S.Ct. 757). We find no merit to this issue.

II. Brown's plea was not knowingly and intelligently entered
¶ 13. The requirement that a guilty plea be knowingly and intelligently entered can be found in Rule 8.04(A)(3) of the Uniform Rules of Circuit and County Court. The rule requires that a showing that the plea was knowingly and voluntarily made appear on the record. URCCC 8.04(A)(3).
¶ 14. Brown alleges that his plea was not knowingly and voluntarily entered for the sole reason that it was not explained to him that he would have to serve eighty-five percent of his twenty-year sentence. He argues that he was informed he would be released from jail immediately upon his entry of his guilty plea. The transcript of the plea hearing contradicts Brown's allegation before this Court.
¶ 15. During the plea hearing, the trial court explained the plea bargain to Brown. The trial court explained to him that the district attorney was only able to make a recommendation as to what sentence Brown should receive. Prior to acceptance of the guilty plea, the trial court stated that the recommended sentence was:
the District Attorney is recommending that I give you a twenty-year prison sentence. That sentence would be suspended at the present time. That means you'd get out of jail today. You would be placed on five years of supervised probation. That means you would have to meet with a probation officer across the street over here, generally, once a month. And if you break or violate your probation, you'd have a hearing in Court; and if it's proven that you did that, you'd be sentenced to serve the rest of your twenty-year prison sentence.
When asked, if that accurately described the plea bargain, Brown responded, "Yes, sir." Brown was informed by the trial court that it could accept or reject the recommendation of the district attorney at its discretion. The only thing limiting Brown's sentence were the minimum and maximum sentence set by statute of zero to twenty years in prison. Miss.Code. Ann. § 97-3-7(2) (Rev.2006).
¶ 16. Further, Brown was actually released, on probation, the day of the guilty plea hearing. It was only upon his revocation of probation that he began to serve his suspended sentence. The trial court clearly *886 explained that if Brown violated his probation, he would have to serve some or all of his twenty-year suspended sentence. We find no merit to this issue.

III. Brown was not afforded effective assistance of counsel
¶ 17. To prove ineffective assistance of counsel, Brown must demonstrate that his counsel's performance was deficient, and this deficiency prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Brown must overcome a strong presumption that his counsel rendered adequate assistance. Id. at 689, 104 S.Ct. 2052. To show prejudice, Brown "must show that there is a reasonable probability that, but for the counsel's unprofessional errors, the result would have been different." Woodson v. State, 845 So.2d 740, 742(¶ 8) (Miss.Ct.App.2003).
¶ 18. Brown argues that his counsel was ineffective, because she failed to inform him that he would have to serve a twenty-year sentence. He goes on to state that if his counsel had informed him that he would have to serve twenty years for aggravated assault, he would not have pled guilty. Regardless of whether his attorney informed him of the twenty-year sentence, the trial court did inform him of the potential sentence. When informed that he would have to serve the twenty-year sentence upon a probation violation, Brown could have withdrawn his guilty plea, but did not. Therefore, regardless of whether his counsel informed Brown of the potential twenty-year sentence, he suffered no prejudice as required by Strickland. Strickland, 466 U.S. at 687, 104 S.Ct. 2052. This allegation contains no merit.

IV. Brown's sentence was excessive and disproportionate to the crime committed
¶ 19. Brown alleges that a twenty-year sentence for aggravated assault for a first time offender is excessive. In his discussion about an excessive sentence, Brown fails to acknowledge that his twenty-year sentence was suspended upon successful completion of five years of supervised probation.
¶ 20. Sentencing is within the discretion of the trial court and will not be disturbed on appeal absent a finding of abuse of discretion. Kirksey v. State, 728 So.2d 565, 568(¶ 14) (Miss.1999). "Further, the general rule in this state is that a sentence cannot be disturbed on appeal so long as it does not exceed the maximum term allowed by statute." Fleming v. State, 604 So.2d 280, 302 (Miss.1992) (citing Corley v. State, 536 So.2d 1314, 1319 (Miss.1988)). Even without the probation condition, Brown's twenty-year sentence was within the maximum punishment allowed for aggravated assault. § 97-3-7(2).
¶ 21. Brown, in his brief, references the Solem test as a way to determine if a sentence is proportional to the crime in accordance with the Eight Amendment. The Solem test gives three objective criteria to weigh, namely "(i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions." Towner v. State, 837 So.2d 221, 227(¶ 21) (Miss. Ct.App.2003) (quoting Solem v. Helm, 463 U.S. 277, 291, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983)). Brown fails to mention that the supreme court has stated "that Solem is to apply only when a threshold comparison of the crime committed to the sentence imposed leads to an inference of `gross disproportionality.'" Hoops v. State, 681 So.2d 521, 538 (Miss.1996) (quoting Smallwood v. Johnson, 73 F.3d 1343, 1347 (5th Cir.1996)).
*887 ¶ 22. Brown pled guilty to aggravated assault. He pled guilty to having shot Hersey in the head. Brown continually quotes statistics about drug offenders, but fails to acknowledge that his twenty-year sentence is for aggravated assault, i.e., the shooting of an individual. A suspended sentence, pending successful completion of probation, was a very lenient sentence for the crime to which Brown pled guilty to having committed. As the trial court stated in the revocation hearing, if Brown would have successfully completed his five years of probation, he would not have to serve the twenty year sentence. In essence, Brown was given a second chance, "but a second chance with a hammer over his head." Further, the plea agreement also stated that the district attorney would not prosecute the charge of armed robbery or intimidating a witness. The sentence Brown received in no way "leads to an inference of gross disproportionality." Id. Since Brown has failed to pass a threshold comparison of the crimes, we do not proceed to the Solem test. Id. This allegation lacks any merit.
¶ 23. Therefore, the judgment denying post-conviction relief is affirmed.
¶ 24. THE JUDGMENT OF THE CIRCUIT COURT OF LAUDERDALE COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAUDERDALE COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, BARNES, ISHEE AND CARLTON, JJ., CONCUR. ROBERTS, J., NOT PARTICIPATING.