PIERCE, Justice,
for the Court:
¶ 1. This matter is an interlocutory appeal by Kelly Blossom (“Kelly”) regarding the issuance of a protective order by the Rankin County Chancery Court denying her attempt to take the deposition of two witnesses in her pending divorce case. One of the witnesses was a minor victim in a criminal case (“C.B.”) in which Kelly eventually pleaded guilty to having committed sexual battery. The other potential deponent, a minor named R.W., was identified by Kelly as having knowledge about “the rape” in the criminal case. At the time the trial court issued the protective order, Kelly was being prosecuted for sexual battery in the Rankin County Circuit Court and was represented by the same counsel for both the criminal prosecution and the divorce proceeding.
STATEMENT OF THE ISSUES
Did the chancellor err in entering a protective order enjoining and preventing taking the deposition of C.B. and of R.W.?
FACTS
¶ 2. On September 25, 2009, Michael Blossom (“Michael”) filed a complaint and obtained a temporary restraining order, preliminary injunction, and permanent injunction against Kelly, enjoining her from having any contact with their children. Michael’s complaint for the temporary restraining order was based on the fact that Kelly previously had been arrested and charged with ten counts of sexual battery against a minor, C.B., in the city of Flo-wood, Mississippi.
¶ 3. On December 8, 2009, Kelly filed her Answer and Defenses to the complaint for the temporary restraining order, preliminary injunction, and permanent injunction. Included in her Answer *126 and Defenses, Kelly filed a Counterclaim for a Temporary Restraining Order and for Divorce and for Other Relief.
¶ 4. In her complaint for divorce, Kelly alleged that she was entitled to a divorce from Michael on the grounds of habitual cruel and inhuman treatment and sought custody of their minor children and possession of all marital property. On February 10, 2010, Michael filed his responses to Kelly’s First Set of Interrogatories, and, within the responses, he denied that Kelly was entitled to a divorce. He did not assert any grounds for divorce against her.
¶ 5. On April 21, 2010, Kelly issued deposition subpoenas for C.B. and R.W., both of whom were to be deposed on May 5, 2010. At the time, C.B. was the alleged victim in the sexual-battery charges pending against Kelly in Rankin County Circuit Court.[1]
¶ 6. On April 26, 2010, Kelly responded to Michael’s First Set of Interrogatories and Request for Production of Documents, identifying numerous witnesses whom she intended to call at trial who had relevant knowledge in the matter. In her response to Michael’s interrogatories, Kelly did not mention C.B., but she included R.W. as an intended witness.
¶7. On May 4, 2010, Michael filed a Motion for a Protective Order to prevent the depositions of C.B. and R.W. The district attorney’s office sought to intervene with a Motion to Quash Deposition Subpoena with prejudice, requesting
an ore tenus motion on behalf of the State of Mississippi that the Rankin County District Attorney’s Office may be heard in this case ... due to the fact that one of the persons who has been subpoenaed to be deposed is a victim in a criminal matter in which [the] defendant is also a criminal defendant in the Circuit Court of Rankin County.
The chancellor barred the State of Mississippi from proceeding on its motion, stating that Kelly’s counsel was “entitled to more notice.” On May 10, 2010, after giving consideration to the pleadings and the arguments of the parties’ counsel, the trial court entered an order prohibiting the depositions of C.B. and R.W.
¶ 8. Kelly appeals the chancellor’s decision prohibiting her from deposing C.B. and R.W. and this Court granted interlocutory appeal pursuant to Mississippi Rule of Appellate Procedure 5.
STANDARD OF REVIEW
¶ 9. When reviewing matters relating to discovery, this Court has used an abuse-of-discretion standard. “In regard to matters relating to discovery, the chancellor has considerable discretion. This Court will not disturb discovery orders unless there has been an abuse of discretion.” Electronic Data Sys. Corp. v. Miss. Div. of Medicaid, 853 So.2d 1192, 1209 (Miss.2003).[2]
ANALYSIS
¶ 10. This Court has a history of applying strict standards for interlocutory appeals as they relate to discovery matters. In fact, “as a general rule, this Court has declared that it ‘is not about to become involved in the wholesale granting of interlocutory appeals of civil discovery disputes. Pre-trial discovery is governed by flexible rules well within the administrative capacity of our trial courts.’ ” Haynes v. Anderson, 597 So.2d 615, 617 (Miss.1992) (citing In Re Knapp, 536 So.2d 1330, 1333 (Miss.1988)). The standards for *127 interlocutory appeal have been set out to the point that “[rjarely will we entertain an interlocutory appeal regarding a discovery matter.” Miss. State Bar v. Attorney L., 511 So.2d 119, 121 (Miss.1987).
¶ 11. Both parties stipulate that the issue of this appeal is whether the chancellor in the lower court erred by entering a protective order, enjoining and preventing Kelly from taking the deposition of both C.B. and R.W. To properly address these issues, this Court must examine the proper rules and the reasoning used by the chancellor when he granted the protective orders. Rule 26(d) of the Mississippi Rules of Civil Procedure sets out the guidelines and requirements of a protective order.[3] Michael argued that the deposition of C.B. and R.W. “exceeds the scope of permissible discovery as governed by Miss. R. Civ. P. 26.”[4] Kelly argued that, pursuant to Rule 30(a) of the Mississippi Rules of Civil Procedure, “C.B. and R.W. are persons ... subject to being deposed for relevant information they may have that involves this action.”
¶ 12. After reviewing the record herein, this Court finds that the chancellor erred by granting the protective orders without meeting the requirements set out in Rule 26(d). The fact that a witness is an “alleged minor victim of a crime”[5] alone, does not constitute sufficient grounds to deny a party the right to depose that witness. The trial court is not precluded from granting the issuance of the protective orders, but further explanation regarding the issues and requirements set out in the rules is necessary to warrant the issuance of a protective order.
CONCLUSION
¶ 13. We reverse the decision of the chancellor and remand this matter to the *128 trial court for a disposition consistent with this opinion.
¶ 14. REVERSED AND REMANDED.
WALLER, C.J., CARLSON AND DICKINSON, P.JJ., RANDOLPH, KITCHENS, CHANDLER AND KING, JJ., CONCUR. LAMAR, J„ DISSENTS WITH SEPARATE WRITTEN OPINION.

. Kelly has since pleaded guilty to one count of sexual battery against C.B.

. See Dawkins v. Redd Pest Control, Inc., 607 So.2d 1232, 1235 (Miss.1992).

. Mississippi Rule of Civil Procedure 26(d) reads:
Protective Orders. Upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending, or in the case of a deposition the court that issued a subpoena therefor, may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
(1) that the discovery not be had;
(2) that the discovery may be had only on specified terms and conditions, including a designation of the time or place;
(3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery;
(4) that certain matters not be inquired into, or that the scope of the discovery be limited to certain matters;
(5) that discovery be conducted with no one present except persons designated by the court;
(6) that a deposition after being sealed to be opened only by order of the court;
(7) that a trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed only in a designated way;
(8) that the parties simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court;
(9) the court may make any other order which justice requires to protect the party or witness from annoyance, embarrassment, oppression or undue burden or expense, including provision for payment of expenses attendant upon such deposition or other discovery device by the party seeking same.
If the motion for a protective order is denied in whole or in part, the court may, on such terms and conditions as are just, order that any party or person provide or permit discovery. Rule 37(a)(4) applies to the award of expenses incurred in relation to the motion.

. Mississippi Rule of Civil Procedure 26(d)(4) states: (4) "that certain matters not be inquired into, or that the scope of the discovery be limited to certain matters;”

. Id.