JAMES, J.,
for the Court:
¶ 1. Emma Bell appeals the order of the Leflore County Circuit Court granting summary judgment in favor of the Mississippi Department of Human Services (DHS) and Dynetha Thornton, in her official capacity as the director of the Leflore County DHS.[1] Bell raises the following assignments of error: (1) the trial court erred in granting the appellees’ motion for summary judgment; (2) the trial court erred in denying Bell’s motion to stay the appellees’ motion for summary judgment until such time as discovery could be conducted; and (3) the trial court erred in granting the appellees’ motion to deem discovery responses timely served. We find no error and affirm.
*1002 FACTS AND PROCEDURAL HISTORY
¶ 2. Bell was employed at the Leflore County DHS as a special investigator for the DHS Division of Program Integrity. On August 31, 2010, at some time after 5:00 p.m., Bell left her office to retrieve a document from her car. Bell went through the interior set of doors that lead to the lobby of the DHS Division of Child Support Enforcement. She attempted to open the exterior set of doors leading to the outside of the building, and discovered the doors were locked. Bell then attempted to open the interior doors again, but discovered they too were locked.[2] All employees in the Child Support Enforcement division had left work for the day.
¶ 8. Realizing she was trapped inside the lobby, Bell began to bang on the interior doors for help. According to Bell, Thornton saw her through a crack in the double doors, and refused to let her inside. After several minutes had passed, Bell set off the fire alarm in the lobby in attempt to get an employee’s attention. Finally, DHS employee Daisy Holt found Bell trapped inside the lobby and let her out. Bell contends that before Holt unlocked the doors, Thornton said to Holt, “I am not going to deal with Emma Bell, you can let her in.”
¶ 4. Bell submitted a grievance form to her supervisor about the incident. DHS Investigator Jeff Hample was appointed to conduct an investigation of the incident. On August 25, 2011, Bell filed a notice of claim with DHS. Four days later, Bell filed a complaint against Thornton in her individual capacity, alleging that Thornton falsely imprisoned her. Bell sought to recover monetary damages for intentional and/or negligent infliction of emotional distress, medical expenses, and loss of enjoyment of life. On November 29, 2011, Bell filed a complaint against DHS and Thornton, in her official capacity as director of the Leflore County DHS. In the complaint, Bell alleged that Thornton falsely imprisoned her by refusing to open the doors after learning that Bell was trapped inside the lobby. Bell also alleged that DHS was negligent in failing to terminate Thornton following incidents that occurred prior to August 31, 2011. The prior incidents referenced by Bell were unrelated to Bell’s false-imprisonment claim.
¶ 5. On January 4, 2012, the trial court entered an agreed order to consolidate the cases. On January 6, 2012, the appellees filed a motion for summary judgment. In the motion, the appellees argued that, as a state employee, Thornton was immune from personal liability under the Mississippi Tort Claims Act (MTCA) because, at all relevant times, she was acting within the course and scope of her employment. The appellees also argued that DHS was immune under several provisions of the MTCA. Before the cases were consolidated, Bell had noticed three depositions, which were set to take place on January 17, 2012. The depositions were for three DHS employees, including Holt. On the same day that they filed their motion for summary-judgment, the appellees filed a motion for a protective order, seeking to continue the depositions until after the immunity issues in the summary judgment motion were decided. The trial court granted the motion for a protective order, ruling that Bell may proceed with deposing the fact witnesses only after the questions of law were resolved.
*1003 ¶ 6. On January 26, 2012, Bell filed a motion to stay the appellees’ motion for summary-judgment until such time as discovery could be conducted. In her motion, Bell argued that the protective order prevented her from presenting all evidence to be considered at the summary judgment hearing. Specifically, Bell argued that the depositions of the three DHS employees would have shown that Thornton’s actions were in “reckless disregard for [Bell’s] safety.” Bell also argued that her requests for admissions should be deemed admitted because Thornton failed to submit her discovery responses by January 25, 2012.
¶ 7. Also, on January 26, 2012, the appel-lees filed their discovery responses and objections.[3] Thornton also filed a motion to deem the discovery responses timely served. The trial court denied Bell’s motion to stay the appellees’ motion for summary judgment, and granted Thornton’s motion to deem the discovery responses timely served. Following a hearing on March 12, 2012, the trial court granted summary judgment in favor of the appel-lees, finding the appellees were immune from suit under several provisions of the MTCA. Bell now appeals.
ANALYSIS
I. Summary Judgment
¶ 8. In her first assignment of error, Bell insists that the trial court’s grant of summary judgment in favor of the appellees was improper. We review a trial court’s grant or denial of a motion for summary judgment de novo. Stuckey v. The Provident Bank, 912 So.2d 859, 864 (¶ 8) (Miss.2005) (citing Miller v. Meeks, 762 So.2d 302, 304 (¶ 3) (Miss.2000)). The evidence must be viewed “in the light most favorable to the party against whom the motion has been made.” Pratt v. Gulfport-Biloxi Reg’l Airport Auth., 97 So.3d 68, 71 (¶ 5) (Miss.2012) (quoting Kilhullen v. Kan. City S. Ry., 8 So.3d 168, 174 (¶ 14) (Miss.2009)). Summary judgment is proper “if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” M.R.C.P. 56(c).
a. Thornton
¶ 9. Bell argues the issue of whether Thornton’s refusal to unlock the doors and let Bell out of the lobby constitutes false imprisonment is a factual issue suitable for trial. Bell contends that, as director of the Leflore County DHS, Thornton had a ministerial duty to open the doors for anyone who was locked in that area, because Thornton was the only employee who had pass-code access to every area of the building. The trial court ruled that Thornton was immune from personal liability under the MTCA, which provides that “no [government] employee shall be held personally liable for acts or omissions occurring within the course and scope of the employee’s duties.” Miss.Code Ann. § 11-46-7(2) (Rev.2012). As noted by the trial court, all parties agreed that Thornton was acting within the course and scope of her employment at all times relevant to Bell’s complaint. Thus, we find no error in the trial court’s ruling as to the personal liability of Thornton.
¶ 10. The trial court further determined that Thornton was entitled to discretionary immunity under the MTCA. The MTCA affords immunity to govern *1004 mental entities and their employees against tort claims arising from discretionary acts or omissions. Miss.Code Ann. § ll-46-9(l)(d) (Rev.2012). “A duty is discretionary when it is not imposed by law and depends upon the judgment or choice of the government ... employee.” Miss. Transp. Comm’n v. Montgomery, 80 So.3d 789, 795 (¶ 19) (Miss.2012) (citing Miss. Dep’t of Mental Health v. Hall, 936 So.2d 917, 924-25 (¶ 17) (Miss.2006)). Conversely, a ministerial duty “is positively imposed by law and [is] required to be performed at a specific time and place, removing an [employee’s] ... choice or judgment.” Id. (citing Covington Cnty. Sch. Dist. v. Magee, 29 So.3d 1, 5 (¶ 8) (Miss.2010)).
¶ 11. A two-part “public-policy function” test is used to determine whether an act is discretionary, and is therefore accorded governmental immunity. Pratt, 97 So.3d at 72 (¶ 8) (citing Montgomery, 80 So.3d at 795 (¶ 17)). We must first “ascertain whether the activity in question involved an element of choice or judgment.” Id. “If so, [we] also must decide whether that choice or judgment involved social, economic, or political-policy considerations.” Id.
¶ 12. We find no error in the trial court’s finding of discretionary immunity. Although Bell contends that it was Thornton’s duty to unlock the interior set of doors to allow people to enter the building, we find that duty involved an element of Thornton’s individual choice and judgement. As noted by the trial court, Bell failed to point to any rule or regulation that would have required Thornton to unlock the doors for persons seeking access to the building at a specified time and place. Because there were no laws or regulations that imposed specific directives as to the time, place, and manner Thornton was required to carry out her duty of providing access to the building, such duty was not ministerial. Thus, the first prong of the “public-policy function” test is satisfied.
¶ 13. As for the second prong of the test, we must determine if Thornton’s judgment or choice of whether to unlock the doors of the building is grounded in policy considerations. The record shows that Thornton was in charge of “overseeing the premises and security of the building.” Thus, Thornton was charged with taking precaution when unlocking the doors and allowing access to the building in order to ensure the safety of the employees and all other persons inside the building. We find this activity falls squarely within the considerations of public policy, which satisfies the second prong. Therefore, the trial court was correct in finding that Thornton was entitled to discretionary immunity.
b. DHS
¶ 14. Bell claims that DHS was negligent in failing to terminate Thornton following incidents that occurred prior to August 31, 2010, that are unrelated to the incident subject to the present appeal. The trial court found that DHS was immune from liability for this claim because the decision of whether to retain Thornton as an employee was entirely discretionary. Miss.Code Ann. § 11—46—9(l)(d). Also, under the MTCA, governmental entities are afforded immunity for acts arising out of the exercise of discretion in the hiring of personnel. Miss.Code Ann. § 11-46-9(l)(g) (Rev.2012). Accordingly, we find no error in the trial court’s findings of immunity regarding DHS.
¶ 15. For the reasons addressed above, we find that the trial court’s grant of summary judgment in favor of the appellees based on immunity afforded by the MTCA was proper.
*1005 II. Motion to Stay Motion for Summary Judgment
¶ 16. Next, Bell argues the trial court erred in denying her motion to stay the appellees’ motion for summary judgment until discovery could be conducted. Discovery-related matters are reviewed under an abuse-of-discretion standard. Blossom v. Blossom, 66 So.3d 124, 126 (¶ 9) (Miss.2011). Thus, we “will not disturb discovery orders unless there has been an abuse of discretion.” Id. (quoting Elec. Data Sys. Corp. v. Miss. Div. of Medicaid, 853 So.2d 1192, 1209 (¶ 57) (Miss.2003)).
¶ 17. One week before the summary-judgment hearing was scheduled to take place, Bell filed notices to depose three fact witnesses, all of whom were DHS employees. According to Bell, the depositions would serve to show that Thornton’s actions were grossly negligent and evinced “reckless disregard for [Bell’s] safety.” The appellees subsequently filed a motion for a protective order, seeking to continue the depositions until after the immunity issues, which were the basis of their summary-judgment motion, were resolved.
¶ 18. During the January 11, 2012 hearing on the appellees’ motion for a protective order, the trial court asked Bell’s attorney if there was any evidence relevant to the immunity defenses raised in the summary-judgment motion Bell sought from the witnesses. Bell’s attorney stated the following:
Well, your Honor, by determining these facts from these witnesses about prior incidents that have occurred puts and shows that they have notice and that their failure to terminate [Thornton] was reckless. This was reckless. This was a reckless disregard for everyone who enters that building at the Leflore County Department of Human Services[.]
Bell’s attorney went on to describe the prior incidents in further detail, but • offered no evidence regarding the immunity issues, which was the subject of the summary-judgment motion. After hearing arguments from both sides, the trial court granted the appellees’ motion for a protective order. The trial court ruled that the immunity issues were purely questions of law, and once those issues were resolved, then the parties may proceed with the depositions, if necessary. On January 12, 2012, the trial court entered a protective order continuing the depositions of the three DHS employees until after the immunity issues were decided.
¶ 19. On January 26, 2012, Bell filed a motion to stay the appellees’ motion for summary judgment until such time as discovery could be conducted. Bell argued the protective order prevented her from presenting all evidence to be considered at the summary-judgment hearing. Bell claimed that she was prevented from engaging in discovery due to the protective order, as well as the appellees’ failure to timely respond to her requests for admissions and interrogatories.[4] The trial court denied the motion, reiterating it was best to address the legal issues before proceeding with full-on discovery that was ancillary to the questions of immunity.
¶20. Our review of the record shows that the evidence Bell sought to present was irrelevant to the immunity issues in the summary-judgment motion. The evidence sought by Bell tended to show whether or not Thornton was aware that Bell was locked inside the lobby, and whether Thornton’s refusal to unlock the *1006 doors constituted false imprisonment or amounted to a “reckless disregard for [Bell’s] safety.” None of these issues are pertinent to whether the appellees are entitled to immunity as a matter of law under the MTCA. Bell had not offered any evidence to dispute the appellees’ qualification of immunity, nor had she offered any evidence to show how the appellees may have waived immunity under the MTCA. In fact, as previously discussed, Bell submitted that “at all relevant times, Thornton was acting within the course and scope of her employment duties,” which absolves Thornton from personal liability under section 11-46-7(2).
¶ 21. Issues of governmental immunity “should be resolved at the earliest possible stage of litigation.” Hinds Cnty. v. Perkins, 64 So.3d 982, 986 (¶ 11) (Miss.2011) (quoting Mitchell v. City of Greenville, 846 So.2d 1028, 1029 (¶ 8) (Miss.2003)). Here, the trial court found it best to resolve the immunity issues prior to delving further into the litigation process. Once the court found that DHS and Thornton were exempt from liability under the MTCA, there was no need to proceed with deposing the DHS employees.
¶ 22. For these reasons, we find no error in the trial court’s denial of Bell’s motion to stay the appellees’ motion for summary judgment.
III. Motion to Deem Discovery Responses Timely Served
¶ 23. In Bell’s motion to stay the appellees’ motion for summary judgment, she argued her requests for admissions to Thornton should be deemed admitted because Thornton failed to respond within thirty days, as required under Mississippi Rule of Civil Procedure 36. Thornton served her discovery responses and filed a motion to deem responses timely served on January 26, 2012. The relevant portion of Rule 36 states:
Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within thirty days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matterf]
M.R.C.P. 36(a).
¶ 24. Mississippi Rule of Civil Procedure 6(e) allows an additional three days for admission requests served through the mail. Bell mailed her first set of discovery requests to Thornton on December 23, 2011. Therefore, the end of the thirty-day period was January 22, 2012. The record shows that January 22, 2012 was a Sunday. Under Rule 6(a), if the end of a prescribed time period falls on a Sunday, the period continues until the following day, provided the following day is not a legal holiday, in which event the period will continue until the day thereafter. Thus, the prescribed due date for Thornton’s discovery responses was Monday, January 23, 2012. During a hearing, Thornton’s counsel explained that he added three additional days to this date because Bell served her admission requests via mail, which made January 26, 2012, the deadline for Thornton’s responses.
¶ 25. Bell disputed that the three-day addition resulted in the deadline falling on January 26. Rather, she posited that the additional three days effected a January 25 due date. However, it seems that Bell failed to take into account that the end of the thirty-day period fell on a Sunday, which extended the period to the following day, Monday, January 23. Finding Bell had not shown any prejudice from the purported one-day delay, the trial *1007 court granted Thornton’s motion to deem discovery responses timely served. The trial court has “great discretion with regard to whether it will take certain matters as admitted.” Triangle Const. Co., Inc. v. Foshee Const. Co., Inc., 976 So.2d 978, 980 (¶ 2) (Miss.Ct.App.2008) (citing Earwood v. Reeves, 798 So.2d 508, 514 (¶ 19) (Miss.2001)). We find no abuse of discretion, as the record shows that Thornton’s discovery responses were filed by the proper deadline. This issue is without merit.
CONCLUSION
¶ 26. The trial court was correct in granting summary judgment pursuant to the MTCA. Given the appellees’ immunity-based summary-judgment motion, we find no error in the trial court’s decision to continue the depositions of the DHS employees until after the immunity issues were settled. We also find no abuse of discretion in the trial court’s rulings on the pretrial motions discussed above. For these reasons, we affirm the trial court’s grant of summary judgment in favor of the appellees.
¶ 27. THE JUDGMENT OF THE LE-FLORE COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, MAXWELL AND FAIR, JJ., CONCUR. CARLTON, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.

. We refer to DHS and Thornton collectively as “appellees.''

. The record shows that all DHS employees have access codes that only open the doors to their section of the building. Bell’s access code only worked in the Eligibility Assistance section of the building. All doors in the Child Support Enforcement division are locked everyday at 5:00 p.m.

. The record shows a discrepancy between the parties’ calculations of the due date for Thornton’s discovery responses. Bell contends that the due date was January 25, 2012, and Thornton contends that her responses were due on January 26, 2012.

. The timeliness of the appellees’ discovery responses, an independent issue on appeal, is discussed in further detail below.