# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CA-00129-COA

**ALISON NICOLE WILLIAMS A/K/A ALISON RAZIANO A/K/A RAZ A/K/A ALISON WILLIAMS A/K/A ALISON NICOLE WILLIAMS RAZIANO WALTON**                               APPELLANT

v.

**STATE OF MISSISSIPPI**                               APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 01/06/2014 |
| TRIAL JUDGE: | HON. GERALD W. CHATHAM SR. |
| COURT FROM WHICH APPEALED: | DESOTO COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | WANDA TURNER-LEE ABIOTO |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BARBARA WAKELAND BYRD |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | DENIED MOTION FOR POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 05/12/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., ROBERTS AND JAMES, JJ.**

**LEE, C.J., FOR THE COURT:**

### FACTS AND PROCEDURAL HISTORY

¶1.    On June 29, 2012, Alison Nicole Williams pleaded guilty in the DeSoto County Circuit Court to armed robbery. Williams was sentenced to ten years to serve in the custody of the Mississippi Department of Corrections (MDOC) and ten years of post-release supervision, with five years' reporting and five years' nonreporting. She was also ordered to pay a $1,000 fine. On November 22, 2013, Williams filed a motion for post-conviction

relief (PCR). The trial court denied Williams's motion. Williams now appeals, asserting that (1) her plea was involuntary, (2) there was no factual basis to support her plea, and (3) her counsel was ineffective.

## STANDARD OF REVIEW

¶2. When reviewing a trial court's denial or dismissal of a PCR motion, we will only disturb the trial court's decision if it is clearly erroneous; however, we review the trial court's legal conclusions under a de novo standard of review. *Hughes v. State*, 106 So. 3d 836, 838 (¶4) (Miss. Ct. App. 2012).

## DISCUSSION

### I. VOLUNTARINESS OF PLEA

¶3. Williams argues that her plea was involuntary because she was under the influence of prescription drugs and suffering from a mental illness. Williams raises this issue for the first time on appeal. "If a prisoner fails to raise all of [her] claims in [her] original petition for post-conviction relief, those claims will be procedurally barred if the petitioner seeks to bring them for the first time on appeal to this Court." *Rivers v. State*, 807 So. 2d 1280, 1281 (¶5) (Miss. Ct. App. 2002). In her PCR motion, Williams argued that there was no factual basis to support her plea and that her trial counsel's assistance was ineffective. She did not include the argument that her plea was involuntary. Because Williams did not include the claim that her plea was involuntary in her PCR motion, she is procedurally barred from presenting it now to this Court.

¶4. Williams further argues that the trial court's failure to consider Williams's mental

2

state at the time of her plea was plain error affecting her substantive rights and resulted in a manifest miscarriage of justice. We do not agree. Williams does not allege facts to support her allegation that she was "operating under a defect of reason," or how the prescription drugs adversely affected her. The mere fact that she was taking prescription medication (Paxil, Mobic, and Trispernec) does not automatically mean she was "operating under a defect of reason." Furthermore, there is nothing to indicate that she was suffering from a mental illness at the time of her plea. The plea petition on which Williams relies states that she was previously diagnosed with anxiety. There is nothing to indicate that Williams was still suffering from anxiety or whether or not she was being treated for the same at the time of her plea. This issue is without merit.

## II. FACTUAL BASIS FOR PLEA

¶5. Williams argues that there was no factual basis to support her plea because she did not exhibit a deadly weapon. According to Uniform Rule of Circuit and County Court Practice 8.04(A)(3), "[b]efore the trial court may accept a plea of guilty, the court must determine . . . that there is a factual basis for the plea." The trial court must be able to "say with confidence [that] the prosecution could prove the accused guilty of the crime charged . . . ." *Corley v. State*, 585 So. 2d 765, 767 (Miss. 1991).

¶6. Williams pleaded guilty to armed robbery under Mississippi Code Annotated section 97-3-79 (Rev. 2014). This section states in pertinent part:

> Every person who shall feloniously take or attempt to take from the person or from the presence the personal property of another and against his will by violence to his person or by putting such person in fear of immediate injury to his person by the exhibition of a deadly weapon shall be guilty of robbery . .

3

¶7. Regarding the exhibition of a deadly weapon, the Mississippi Supreme Court held in *Dambrell v. State*, 903 So. 2d 681, 683 (¶6) (Miss. 2005), that "when a defendant makes an overt act and a reasonable person would believe that a deadly weapon is present, there is no requirement that a victim must actually see the deadly weapon in order to convict pursuant to [section] 97-3-79." Based on this holding, this Court upheld an armed-robbery conviction in *Lyons v. State*, 942 So. 2d 247, 250-51 (¶¶13-16) (Miss. Ct. App. 2006), where the defendant displayed a note saying he had a gun. "[The victim] testified that she believed Lyons had a weapon, that his note indicated he had a gun, and that she was in fear for her life." *Id*. at 251 (¶16). Furthermore, in *Trammell v. State*, 62 So. 3d 424, 429 (¶17) (Miss. Ct. App. 2011), this Court stated: "The fact that [the victim] never saw [the] weapon is of no matter." The victim testified that the defendant handed her a note that said he had a gun, that she complied with his demand to give him money, and that she feared for her life. *Id*. at 428-29 (¶16).

¶8. In this case, the State asserted that it could prove beyond a reasonable doubt that on or about October 1, 2011, Williams entered DeSoto Discount Drug Store, attempted to take prescription medication from its employees against their will, and put them in fear of immediate injury by handing one of them a note that read: "I have a gun. I'm watching every move that you make. Will shoot if you hit the alarm. Give me all hydrocodone, Percocets, and Adderall." The employee who was handed the note told the pharmacist on duty. The pharmacist struggled with Williams, ultimately restraining her, and retrieved a gun from the

4

waistband of her jeans. None of the employees saw the gun until it was retrieved from Williams's waistband. When asked if Williams disagreed with the factual basis presented by the State, her attorney made clear that "the weapon was never exhibited, [but] the note was exhibited as representing" that she did have a weapon. Williams had no objections.

¶9. We find that Williams's handing the employee the note saying she had a gun was an overt act that led at least one of the employees to reasonably believe Williams had a deadly weapon. Based on the content of the note, the pharmacist acted to restrain Williams out of concern for his and the other employees' safety. This issue is without merit.

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

¶10. Williams argues that she received ineffective assistance of counsel when her trial counsel failed to bring to the attention of the trial court the fact that Williams was suffering from a mental illness and was under the influence of prescription drugs. She also argues that her trial counsel's assistance was ineffective because counsel failed to advise her of the elements of armed robbery and failed to object to the factual basis presented by the State.

¶11. In order to succeed on a claim of ineffective assistance of counsel, Williams must prove that her trial counsel's performance was deficient and that the deficient performance prejudiced her defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "In the context of guilty pleas, this means the defendant must show that, were it not for counsel's errors, [s]he would not have pleaded guilty and would have insisted on going to trial." *Burrough v. State*, 9 So. 3d 368, 375 (¶22) (Miss. 2009) (citation omitted). Having found that the issues regarding Williams's mental state and the factual basis for her plea are without merit,

5

we cannot find that Williams's trial counsel was deficient.  This issue is without merit.

**¶12.    THE JUDGMENT OF THE DESOTO COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED.  ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ., CONCUR.  JAMES, J., CONCURS IN PART WITHOUT SEPARATE WRITTEN OPINION.**