# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CA-01047-COA

ALISON NICOLE WILLIAMS A/K/A ALISON RAZIANO A/K/A RAZ A/K/A ALISON WILLIAMS A/K/A ALISON NICOLE WILLIAMS RAZIANO WALTON

APPELLANT

v.

STATE OF MISSISSIPPI

APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 06/21/2016 |
| TRIAL JUDGE: | HON. GERALD W. CHATHAM SR. |
| COURT FROM WHICH APPEALED: | DESOTO COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | WANDA TURNER-LEE ABIOTO |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ALICIA MARIE AINSWORTH |
| NATURE OF THE CASE: | CIVIL - POSTCONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 11/21/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., CARLTON AND GREENLEE, JJ.**

**CARLTON, J., FOR THE COURT:**

¶1.     Alison Williams appeals the DeSoto County Circuit Court's denial of her motion for postconviction relief (PCR). In her PCR motion, Williams alleged that she was mentally ill and incompetent during the plea hearing and sentencing, and, as a result, her guilty plea was not voluntarily, knowingly, and intelligently made. The trial court denied Williams's PCR motion as a successive writ under Mississippi Code Annotated section 99-39-23(6) (Rev. 2015).

¶2.     Williams now appeals, claiming that the discovery of new evidence and an intervening

decision by the Mississippi Supreme Court exempt her claim from the successive-writ procedural bar. Finding no error, we affirm the trial court's judgment.

## FACTS

¶3. Williams pleaded guilty to armed robbery on June 29, 2012. On September 7, 2012, the trial court sentenced Williams to serve ten years in the custody of the Mississippi Department of Corrections (MDOC) and ten years of postrelease supervision, with five years' reporting and five years' nonreporting.

¶4. Williams filed her first PCR motion on November 22, 2013, which the trial court denied. Williams then appealed to this Court. In affirming the trial court's denial of Williams's first PCR motion, this Court addressed Williams's claim that her plea was involuntary as follows:

> In her PCR motion, Williams argued that there was no factual basis to support her plea and that her trial counsel's assistance was ineffective. She did not include the argument that her plea was involuntary. Because Williams did not include the claim that her plea was involuntary in her PCR motion, she is procedurally barred from presenting it now to this Court.

*Williams v. State*, 163 So. 3d 993, 995 (¶3) (Miss. Ct. App. 2015).

¶5. This Court also addressed Williams's argument in her first PCR motion that "the trial court's failure to consider Williams's mental state at the time of her plea was plain error affecting her substantive rights and resulted in a manifest miscarriage of justice." *Id*. at (¶4). The *Williams* court found that Williams failed to "allege facts to support her allegation that she was operating under a defect of reason, or how the prescription drugs adversely affected her." *Id*. (internal quotation marks omitted). This Court explained: "The mere fact that

2

[Williams] was taking prescription medication . . . does not automatically mean she was operating under a defect of reason.  Furthermore, there is nothing to indicate that she was suffering from a mental illness at the time of her plea."  *Id*. (internal quotation marks omitted).

¶6.     Williams filed a second PCR motion on September 8, 2015, asserting that her plea was involuntary and also claiming that she had obtained evidence not reasonably discoverable at the time she entered her guilty plea.[1]  Williams attached several documents to her PCR motion, including the following:  her medical records; a copy of the indictment; the sentencing order; her guilty-plea petition; a curriculum vitae of a pharmacist; drug information from the website www.drugs.com; an affidavit of her adoptive mother, Beverly Williams; an article titled "The Genetics of Alcohol and Other Drug Dependence"; jail records; and an evaluation in letter form from a psychiatrist.  The trial court denied Williams's PCR motion on June 21, 2016, after finding that her PCR motion constituted a successive writ under section 99-39-23(6).[2]  The trial court also held that "Williams has not

---

[1] In its order denying Williams's PCR motion, the trial court gave the following explanation as to the timeliness of the motion:

> Williams'[s] petition appears to be filed one day late, but September 7, 2015, the date the petition was due, was a legal holiday.  Under [Mississippi Rule of Civil Procedure] 6(a), if the end of a prescribed time period falls on a Sunday, the period continues until the following day, provided the following day is not a legal holiday, in which event the period will continue until the day thereafter.  *Bell v.* [*Miss. Dep't of Human Servs.*], 126 So. 3d 999, 1006 [(¶24)] (Miss. [Ct.] App. 2013).

[2] In its order denying Williams's second PCR motion, the trial court determined that Williams's second PCR motion constituted a successive writ and stated as follows:

produced evidence as to an exception to the [successive-writ] bar."[3]

¶7.     The trial court also explained in its order that Williams claimed that her medical records constituted newly discovered evidence under section 99-39-23(6).  The trial court stated that after reviewing Williams's PCR motion and the "new evidence," it found the following:

> There is nothing in the record which suggests that this information could not have been discovered at the time of Williams'[s] plea or at the latest when Williams filed her first [PCR motion].  Williams'[s] mother's affidavit states that she did not know the extent of her daughter's drug problems at the time of her plea, but she does not even state that Williams'[s] plea should be set aside, only that her sentence should be mitigated.  The [s]upreme [c]ourt in *Smith v. State* held that claims of mental competency were not subject to the procedural bars of the [Uniform Postconviction Collateral Relief Act (UPCCRA)].  *Smith v. State*, 149 So. 3d 1027, 1031 (¶8) (Miss. 2014 ) [(overruled on other grounds by *Pitchford v. State*, 2015-CA-01818-SCT, 2017 WL 4699552 (Miss. Oct. 19, 2017))].
>
> . . . .

---

> The Court of Appeals held in Williams'[s] appeal of her first PCR [motion] that her claim that her plea was involuntary because she was under the influence of prescription drugs was procedurally barred because she had not made the claim before the trial court; and the trial court's failure to consider [Williams's] mental state was not plain error, based on the proof she presented at that time.  Williams had not asserted these specific claims in her first PCR [motion], but she did [in] her appeal.

[3] In its order denying relief, the trial court cited section 99-39-23(6) and acknowledged the following as excepted from the successive-writ bar:

> [C]ases in which the petitioner can demonstrate either that there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that if it had been introduced at trial, it would have caused a different result in the conviction or sentence.

The Court finds that what Williams has now submitted is not newly discovered evidence. The issue is whether Williams has put forth any credible evidence to make her competency in doubt at the time of her plea.

¶8. The trial court also addressed the merits of Williams's PCR motion, stating that Williams denied being under the influence of drugs or alcohol at the plea hearing. In its order, the trial court acknowledged that "the plea petition did mention certain drugs that Williams was taking." Additionally, the trial court acknowledged that at the plea hearing, "Williams told the judge she understood the nature of the charges against her and the consequences of pleading guilty. The [c]ourt asked Williams in several ways regarding whether her plea was voluntary." The trial court further provided that "Williams [submitted] numerous medical records and other documentation with her PCR motion, none related to her competency around or at the time of her guilty plea. The transcript clearly shows that Williams'[s] plea was made freely, intelligently, and voluntarily."

¶9. Williams filed her appeal of the trial court's denial of her PCR motion on July 20, 2016.

## STANDARD OF REVIEW

¶10. "When reviewing a trial court's decision to deny a petition for post[]conviction relief, this Court will not disturb the trial court's factual findings unless they are found to be clearly erroneous. Questions of law are reviewed de novo." *Stokes v. State*, 145 So. 3d 1238, 1239 (¶6) (Miss. Ct. App. 2014) (internal citation omitted).

## DISCUSSION

### I. Newly Discovered Evidence

¶11.    Williams argues that the trial court erred in denying her PCR motion as a successive writ. Williams claims that her PCR motion was exempted from the successive-writ bar in section 99-39-23(6).

¶12.    Section 99-39-23(6) bars successive PCR motions by establishing the following:

> The order as provided in subsection (5) of this section or any order dismissing the petitioner's motion or otherwise denying relief under this article is a final judgment and shall be conclusive until reversed. It shall be a bar to a second or successive motion under this article.

The petitioner "bears the burden of proving by a preponderance of the evidence that [her] claims are not barred as successive writs." *Salter v. State*, 184 So. 3d 944, 948 (¶14) (Miss. Ct. App. 2015); Miss. Code Ann. § 99-39-23(7).

¶13.    We recognize that "[e]rrors affecting fundamental constitutional rights are excepted from the procedural bars of the UPCCRA." *Williams v. State*, 110 So. 3d 840, 843 (¶15) (Miss. Ct. App. 2013). Section 99-39-23(6) also provides the following exceptions to the successive-writ bar:

> Likewise excepted from this prohibition are those cases in which the petitioner can demonstrate either that there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of [her] conviction or sentence or that [she] has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that, if it had been introduced at trial, it would have caused a different result in the conviction or sentence.

¶14.    Williams first filed a PCR motion in November 2013. After the trial court denied her PCR motion, Williams appealed, asserting that "(1) her plea was involuntary, (2) no factual basis existed to support her plea, and (3) her counsel was ineffective." *Williams*, 163 So. 3d

at 995 (¶3). As previously stated, in affirming the trial court's denial of Williams's November 2013 PCR motion, this Court ultimately held that "[i]n her PCR motion, Williams . . . did not include the argument that her plea was involuntary. Because Williams did not include the claim that her plea was involuntary in her PCR motion, she is procedurally barred from presenting it now to this Court." *Id*.

¶15. This Court also addressed the merits of Williams's claim, stating:

> Williams further argues that the trial court's failure to consider Williams's mental state at the time of her plea was plain error affecting her substantive rights and resulted in a manifest miscarriage of justice. We do not agree. Williams does not allege facts to support her allegation that she was "operating under a defect of reason," or how the prescription drugs adversely affected her. The mere fact that she was taking prescription medication (Paxil, Mobic, and Trispernec) does not automatically mean she was "operating under a defect of reason." Furthermore, there is nothing to indicate that she was suffering from a mental illness at the time of her plea. The plea petition on which Williams relies states that she was previously diagnosed with anxiety. There is nothing to indicate that Williams was still suffering from anxiety or whether or not she was being treated for the same at the time of her plea. This issue is without merit.

*Id*. at (¶4).

¶16. In the PCR motion currently before this Court on appeal, filed in September 2015, Williams again claimed that her plea was not voluntarily, knowingly, and intelligently made due to her status as mentally ill and incompetent during the plea and sentencing dialogue. However, Williams argues that the evidence she presented in the form of medical records, an affidavit of a pharmacist, and a statement from her psychologist constitutes credible evidence substantiating the existence of a mental illness and the use of psychotropic drugs during Williams's plea. Williams asserts that this evidence was not reasonably discoverable

7

during the time of the plea "because the error of the trial court did not occur until the time of the plea." Williams further claims that as a mentally ill person, she "could not be expected to be competent to bring to the awareness of [the trial] court her incompetency." Williams contends that if this evidence had been presented to the trial court at the time of her plea and sentencing, a different result would have ensued. As a result, Williams argues that her claim constitutes an exception to the successive-writ bar provided in section 99-39-23(6).

¶17. Regarding newly discovered evidence, this Court has recognized that

> [a] defendant is entitled to a new trial on the ground of newly discovered evidence where: (1) such evidence will probably change the outcome if a new trial is granted; (2) the evidence has been discovered since trial and could not have been discovered before trial by the exercise of due diligence; (3) the evidence is material to the issue; and (4) the evidence is not merely cumulative or impeaching.

*Pittman v. State*, 121 So. 3d 253, 257 (¶7) (Miss. Ct. App. 2013) (citing *Meeks v. State*, 781 So. 2d 109, 112-13 (¶8) (Miss. 2001)). "The defendant must satisfy all four elements before a reversal can be granted." *Id*. (citing *Johnson v. State*, 39 So. 3d 963, 966 (¶11) (Miss. Ct. App. 2010)).

¶18. In its order denying Williams's PCR motion, the trial court addressed the documents that Williams claimed constituted newly discovered evidence:

> Williams attached an affidavit (under seal) of a pharmacist to her petition. The pharmacist asserted an opinion based upon reasonable medical certainty that Williams was experiencing "serotonin syndrome" on October 1, 2011, the date she committed the crime, not the date of her plea. [The pharmacist] also stated that there were "very clear indications" that [Williams] was experiencing "serotonin syndrome" on the date of her arrest, but he does not state what date that she was arrested. Williams also attached some of her medical records while she was at the jail. The basis of her argument seems to be that the medicine she was taking would affect her ability to plead guilty.

8

> She did deny the use of drugs at the time of her plea, but the plea petition did mention certain drugs that she was taking at that time. She really does not claim she was not competent, but that her plea was involuntary.
>
> Williams has supplemented a psychological evaluation in letter from a clinical psychologist, Dr. Thomas Bennett. The report is not sworn nor in affidavit form. Dr. Bennett really has no opinions as to whether Williams was competent at the time of the plea. In his report, Dr. Bennett uses a lot of euphemisms, like "can be problematic," "seems likely," and "increases the probability[.]" Dr. Bennett also states "there is no way to determine at this point exactly what substances were present in Ms. Williams'[s] system at the time of her sentencing." He does not give any opinion as to a degree of medical certainty.

The trial court ultimately found "that what Williams has now submitted is not newly discovered evidence. The issue is whether Williams has put forth any credible evidence to make her competency in doubt at the time of her plea."

¶19. We agree that Williams's history of mental issues and her list of medications were reasonably discoverable to her at the time of her plea. We also find that the psychological-evaluation report and pharmacist's affidavit Williams attached to support her claim provide information that was also reasonably discoverable with due diligence at the time of her plea.

## II. Intervening Decision

¶20. Williams additionally asserts that *Coleman v. State*, 127 So. 3d 161 (Miss. 2013) constitutes an intervening decision concerning a fundamental constitutional right to not be convicted of a crime without the mental ability to stand trial. We first recognize that the supreme court overruled *Coleman* in its recent opinion of *Pitchford v. State*, No. 2015-CA-01818-SCT, 2017 WL 4699552, at *4 (¶29) (Miss. Oct. 19, 2017). However, Williams argues that *Coleman* clearly mandates that the trial court must follow Uniform Rule

9

of Circuit and County Court Practice 9.06, which provided that "[i]f before or during trial the court, of its own motion or upon motion of an attorney, has reasonable ground to believe that the defendant is incompetent to stand trial, the court shall order the defendant to submit to a mental examination[.]"[4]

¶21. We recognize that "[a]n intervening decision is one that 'creates new intervening rules, rights, or claims that did not exist at the time of the prisoner's conviction.'" *Dever v. State*, 210 So. 3d 977, 980 (¶6) (Miss. Ct. App. 2017) (quoting *Patterson v. State*, 594 So. 2d 606, 608 (Miss. 1992)). The Mississippi Supreme Court handed down its decision in *Coleman* on October 24, 2013. According to the trial court's order in this case, Williams filed her first PCR motion on November 22, 2013, just under a month after the *Coleman* opinion handed down. Accordingly, the decision in *Coleman* was available to Williams prior to her filing her first PCR motion, and thus cannot now be considered an "intervening decision" for her second motion. *See Lockett v. State*, 656 So. 2d 76, 82 (Miss. 1995) (finding the defendant's failure to raise the issue of an allegedly intervening decision in his first PCR motion, even though the decision was available, was not considered an "intervening decision" on his second application). Additionally, Williams failed to raise the issue of an intervening decision until her reply brief to the State's response to her second PCR motion, filed September 2015.

¶22. After our review, we find that *Coleman* fails to create any rules, rights, or claims that

---

[4] The Uniform Rules of Circuit and County Court Practice no longer govern criminal practice in Mississippi and have been replaced by the Mississippi Rules of Criminal Procedure, effective July 1, 2017. Williams's motion preceded this change.

10

did not already exist at the time of Williams's guilty plea and sentence, as the issue of competency was never raised before her plea. Therefore, even if *Coleman* applied, Williams has failed to demonstrate that *Coleman* would "have actually adversely affected the outcome of [Williams's] conviction or sentence." Miss. Code Ann. § 99-39-23(6); *see also Lockett*, 656 So. 2d at 82. The plea-hearing transcript reflects that the trial court specifically asked Williams if she was under the influence of drugs or alcohol, whether she was taking any medications that would affect her ability to understand the nature of the proceedings, and whether she had a history of mental illness or emotional problems. Williams replied no. Williams also answered affirmatively when the trial court asked her if she knew where she was and whether she knew she was pleading guilty. The record shows the trial court did not detect any mental defect or incompetency in Williams during her plea hearing. In its order denying Williams's PCR motion, the trial court held that "[t]he transcript clearly shows that Williams'[s] plea was made freely, intelligently, and voluntarily. Therefore, the motion should be denied without a hearing or discovery."

¶23.   After our review, we find the record contains substantial evidence to support the trial court's order denying Williams's PCR motion. We therefore affirm the trial court's judgment.

¶24.   **AFFIRMED**.

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, FAIR, WILSON, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR.**

11