# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2021-IA-00532-SCT

*LATOYA LAWSON*

*v.*

*CITY OF JACKSON, MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 05/14/2021 |
| TRIAL JUDGE: | HON. ADRIENNE ANNETTE HOOPER-WOOTEN |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEYS FOR APPELLANT: | PHILIP CAREY HEARN WILLIAM STACY KELLUM, III |
| ATTORNEYS FOR APPELLEE: | DREW McLEMORE MARTIN JAMES RICHARD DAVIS, JR JAMES ANDERSON, JR. |
| NATURE OF THE CASE: | PERSONAL INJURY |
| DISPOSITION: | AFFIRMED IN PART; REVERSED IN PART; AND REMANDED - 10/20/2022 |

**BEFORE RANDOLPH, C.J., ISHEE AND GRIFFIS, JJ.**

**RANDOLPH, CHIEF JUSTICE, FOR THE COURT:**

¶1. Latoya Lawson brings an interlocutory appeal of a protective order entered by the Hinds County Circuit Court in a negligence case against the City of Jackson. The trial court issued the order due to Lawson's lack of diligence in conducting discovery and her attempts to conduct discovery outside the agreed-upon deadlines. The order protects the City from having to respond to production requests that would be due after the discovery deadlines. Additionally, the order prohibits Lawson from making public records requests and from offering any public records she might obtain as evidence at trial. Lawson argues that the

order was an abuse of the trial court's discretion because it improperly restricted her right to access public records. The City argues that the trial court's order was wholly within the court's discretion as a discovery matter.

## FACTUAL AND PROCEDURAL HISTORY

¶2. On or about March 9, 2018, Lawson was injured when "she hit an unavoidable pothole" while driving her motorcycle on Woodrow Wilson Drive in Jackson, Mississippi.

¶3. Lawson filed a complaint against the City of Jackson in the Hinds County Circuit Court on March 29, 2019. She alleged, *inter alia*, that the City was negligent in constructing and maintaining the roadway and that the City's negligence caused her injuries. The City filed its answer and served its first discovery requests on April 8, 2019. Lawson responded to the City's requests for admissions on April 17, 2019, and to the City's interrogatories and requests for production on May 10, 2019.

¶4. On August 22, 2019, the trial court entered an amended agreed scheduling order which set November 29, 2019, as the deadline for completing discovery and April 6, 2020, as the trial date. The City filed an unopposed motion for continuation of trial on March 17, 2020, due to the COVID-19 Pandemic, and the trial court entered an order of trial continuance on March 18, 2020.

¶5. In September 2020, the attorneys for both parties discussed executing an amended scheduling order. The attorneys agreed to extend the discovery deadline to November 15, 2020, but that agreement was never submitted to the trial court. On October 22, 2020, the City gave Lawson notice of its desire to depose her. That deposition took place on November

2, 2020.

¶6.     On November 4, 2020, Lawson filed a motion for a scheduling order and extension of the discovery deadline but did not specify how much additional time was requested. Lawson also filed a public records request with the City on November 4, 2020. Lawson requested records of any prior pothole-related accidents in the general area of her accident. On November 5, 2020, Lawson filed her first written discovery, which consisted of interrogatories and a request for production of documents. The production request similarly asked for any notice the City might have had about prior pothole-related accidents near the location of Lawson's accident.

¶7.     The City filed its opposition to Lawson's motion to extend the discovery deadline along with a motion for a protective order on November 11, 2020, arguing that Lawson had not put forth adequate reasons for extending discovery. The City also noted that its response to Lawson's production request would not be due until after the November 15, 2020 discovery deadline. Moreover, the City argued, the use of a public records request was merely an attempt to circumvent the trial court's discovery deadlines.

¶8.     A hearing took place on April 23, 2021, to resolve the outstanding motions. At the hearing, Lawson argued that an office move and a bout of COVID-19 had prevented her attorneys from meeting the discovery deadlines. The City countered by arguing that Lawson had not been diligent in conducting discovery for the year and a half the case had been active.

¶9.     On May 14, 2021, the trial court entered an order granting the City's motion for a protective order against Lawson's request for production of documents and her public

3

records request. The order held that "Lawson is prohibited from seeking to obtain records from the City of Jackson through a public records request" and "should Lawson attempt to obtain any information related to her claim against the City of Jackson through a public records request, she will not be able to use said records and will be subject to be found in contempt of this Court's ruling." Lawson timely petitioned this Court for an interlocutory appeal, which was granted.

## STATEMENT OF THE ISSUES

¶10. We are asked to determine whether the trial court erred by granting the City's protective order as to (1) Lawson's request for production of documents, (2) Lawson's ability to file a public records request with the City, and (3) Lawson's ability to offer any public records she might obtain as evidence at trial.

## STANDARD OF REVIEW

¶11. "Trial courts are afforded broad discretion in discovery matters, and this Court will not overturn a trial court's decision unless there is an abuse of discretion[.]" *Ashmore v. Miss. Auth. on Educ. Television*, 148 So. 3d 977, 981 (Miss. 2014) (citing *Pierce v. Heritage Props., Inc.*, 688 So. 2d 1385, 1388 (Miss. 1997)). We first determine whether the trial court applied the proper legal standard. *Ashmore*, 148 So. 3d at 981. If so, we determine whether the trial court's decision was reasonable. *Id.* "In short, if the trial court applies 'the correct legal standard,' we must affirm the decision, regardless of what any one of us individually might have ruled had we been the judge, unless there is a 'definite and firm conviction that the court below committed clear error.'" *Id.* at 982 (quoting *City of Jackson*

4

***v. Rhaly***, 95 So. 3d 602, 607 (Miss. 2012)).

## DISCUSSION

### I.     Whether the trial court erred by granting a protective order against Lawson's request for production of documents.

¶12.    Lawson sought an interlocutory appeal. As we have found previously, "this Court has a history of applying strict standards for interlocutory appeals as they relate to discovery matters." ***Blossom v. Blossom***, 66 So. 3d 124, 126 (Miss. 2011). Trial courts are afforded considerable authority in issuing discovery orders, and we will not disturb their orders unless there has been an abuse of discretion. ***Ashmore***, 148 So. 3d at 981.

¶13.    The rule governing discovery protective orders is Mississippi Rule of Civil Procedure 26(d), which allows a court "for good cause shown" to "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Miss. R. Civ. P. 26(d). The trial court in the case *sub judice* issued its protective order against Lawson based on two grounds. First, the court held that Lawson had failed to engage in discovery until November 5, 2020, nineteen months after initiating the proceeding and twelve months after the initial discovery deadline. Second, the court held that the deadline for the City to respond to Lawson's November 5, 2020 request for production would be after the agreed-upon deadline of November 15, 2020. Therefore, the court found that it would be prejudicial for the City to have to respond to Lawson's discovery requests.

¶14.    The trial court's protective order on this matter does not amount to an abuse of discretion. The trial court found that Lawson had been dilatory in conducting discovery and that her request for production of documents would cause prejudice to the City by requiring

5

it to respond after the agreed-upon deadline. The trial court correctly applied Rule 26(d), and the decision to issue a protective order was within its discretion.

**II.  Whether the trial court erred by restricting Lawson's access to public records.**

¶15.  The Mississippi Public Records Act guarantees the right of any person to access public records, subject to a limited number of exceptions. Miss. Code Ann. § 25-61-2 (Rev. 2018) ("It is the policy of this state that public records shall be available for inspection by any person unless otherwise provided by this chapter[.]"). Mississippi Code Section 25-61-5 provides in relevant part:

> Except as otherwise provided by Section 25-61-9 and 25-61-11, all public records are hereby declared to be public property, and any person shall have the right to inspect, copy or mechanically reproduce or obtain a reproduction of any public record of a public body in accordance with reasonable written procedures adopted by the public body concerning the cost, time, place and method of access[.]

Miss. Code Ann. § 25-61-5 (Rev. 2018).

¶16.  The text of Section 25-61-5, when paired with the definitions of "public body" and "public records" in Mississippi Code Sections 25-61-3(a) and -3(b), respectively, is clear and unambiguous. Therefore, we do not engage in statutory interpretation. *See **Pat Harrison Waterway Dist. v. Cnty. of Lamar***, 185 So. 3d 935, 946 ("Before we engage in statutory interpretation, we look to the statute to determine whether interpretation is necessary, that is, whether the language is plain, unambiguous, and in need of no interpretation. If so, we go no further." (footnotes omitted) (citations omitted)). As a "political subdivision" of the state, the City of Jackson is a "public body." Miss. Code Ann. § 25-61-3(a) (Rev. 2018). Likewise,

6

records of any notice given to the City about issues with potholes in the general area of Lawson's accident are "records . . . possessed or retained for use in the conduct" of the City and thus constitute "public records." Miss. Code Ann. § 25-61-3(b) (Rev. 2018). Lawson has a statutory right to access public records. This right is limited by the exceptions listed in the statute, though none are present in this case. *See, e.g.*, Miss. Code Ann. § 25-61-9 (Rev. 2018) (excluding records furnished to public bodies by third parties which contain trade secrets or confidential commercial or financial information); Miss. Code Ann. § 25-61-11 (Rev. 2018) (excluding records that are declared confidential or privileged by constitutional law, state or federal statutory law, or decision of a court of this state or the United States). Therefore, the trial court abused its discretion by restricting Lawson's access to public records from the City of Jackson.

### III. Whether the trial court erred by restricting Lawson's ability to use public records at trial.

¶17. Mississippi Rule of Civil Procedure 37 provides trial courts with the authority to issue sanctions for *abuses of the discovery process*. *Ashmore*, 148 So. 3d at 981. Specifically, Rule 37(e) allows a trial court to "impose upon any party or counsel sanctions as may be just . . . if any party or counsel . . . otherwise abuses the discovery process in seeking, making, or resisting discovery." Miss. R. Civ. P. 37(e).

¶18. The City argues that this authority allows the trial court to prohibit Lawson from offering any information she may obtain through a public records request as evidence at trial. But, because the trial court was without authority to issue an order prohibiting Lawson's access to public records, it likewise cannot use Lawson's request for public records as a

reason to impose sanctions. The Mississippi Public Records Act gives Lawson the right to access records held by the City. Her invocation of that right is not an "abuse of the discovery process" that would permit the trial court to sanction Lawson. Miss R. Civ. P. 37(e). Therefore, we find it was an abuse of discretion for the trial court to issue a discovery protective order preventing Lawson from offering any public records she may obtain from the city as evidence at trial.

¶19.    The admissibility of public records Lawson may obtain from the City is instead governed by the Mississippi Rules of Evidence. Lawson does, however, have a continuing duty to supplement her responses to discovery, pursuant to Mississippi Rule of Civil Procedure 26(f). This duty continues even after the passage of the discovery cutoff. *Knapp v. St. Dominic-Jackson Mem'l Hosp.*, 89 So. 3d 561, 565-66 (Miss. 2012). The City propounded several pertinent interrogatories and requests for production in its first set of discovery requests. For example, interrogatory nine asks Lawson to "[i]dentify each and every document [she] may or will seek to introduce into evidence, use as an exhibit or have someone read at trial." Additionally, production request two asks Lawson to "provide any and all documents, memoranda, or other writings in any way pertaining to the allegations of the Complaint or any defense of The City of Jackson." If Lawson obtains new evidence through her public records request or otherwise, she must then supplement her responses.

**CONCLUSION**

¶20.    We affirm the portion of trial court's order that protects the City from having to respond to Lawson's request for production of documents. We reverse, however, the portions

8

of the order prohibiting Lawson from requesting public records and from offering those public records at trial. This matter is remanded to the trial court for further proceedings consistent with this opinion.

¶21.    **AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.**

**KITCHENS AND KING, P.JJ., COLEMAN, MAXWELL, BEAM, CHAMBERLIN, ISHEE AND GRIFFIS, JJ., CONCUR.**